73917. BRYANT v. THE STATE.
(356 SE2d 698)

BIRDSONG, Chief Judge.

Bennie Lewis Bryant was convicted of driving while his license was suspended and driving under the influence of alcohol. He was sentenced to five years for the offense of driving after having been declared an habitual violator, with three to serve, and twelve months for the driving under the influence offense to be served concurrently. Bryant brings this appeal enumerating three alleged trial errors. *Held:*

1. In his first enumeration of error, Bryant urges error in the admission of his entire driving record as that record was attached to the notification to Bryant that his driving license and privileges had been suspended. When the record was offered by the State, trial defense counsel for Bryant objected that the record showed it had been extracted from the computer on September 25, 1984, and the two charged offenses occurred on September 8, 1984. Thus the computer extract would not support the indictment. The State responded that the sole purpose for the document was to establish that Bryant had been notified on March 7, 1983, that his license to drive had been suspended, that he had been notified personally and had surrendered his license on April 8, 1983. Counsel for Bryant agreed that if the sole purpose of the document was to show the revocation of the license

and Bryant's knowledge thereof, the objection was unnecessarily made. Different counsel has been appointed to represent Bryant on appeal. That counsel has changed the nature of the asserted objection to one that it was error to allow a record of all the previous traffic convictions.

It is true that the State is not required to establish all of appellant's past derelictions to establish his license has been suspended and surrendered (*Flakes v. State*, 243 Ga. 699 (256 SE2d 379)). Thus the entire driving record is immaterial. However, the mere fact that such evidence may be immaterial does not mean necessarily that the admission of it is prejudicial. The evidence established without question that Bryant's license had been surrendered over a year before and that when arrested he had no driver's license and made no contention that he had one. It is also uncontested that he was noticeably intoxicated and was tested with an intoximeter at over a .2 reading. Though evidence was offered by a defense witness that he never moved the car in the sight of the police officer, the officer's testimony was compelling that Bryant did indeed have control of the vehicle and operate it if even for a short distance. Even conceding the record contained immaterial matter, when we apply the "highly probable test," i.e., that it is highly probable that the error did not contribute to the verdict, we are satisfied that the error indeed was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Hester v. State*, 159 Ga. App. 642, 644 (284 SE2d 659).

Moreover as already noted herein, the objection offered at the time of offer of the exhibit was entirely different than the one now offered by appellant's counsel. It has long been the law of this state that a reason advanced that evidence should not have been admitted will not be considered on appeal unless the reason was urged below. *Leonard v. State*, 146 Ga. App. 439, 440 (1) (246 SE2d 450). A new ground may not be raised for the first time on appeal. *Ridley v. State*, 141 Ga. App. 854, 855 (234 SE2d 688).

2. In his second enumeration of error, Bryant claims that his right to a thorough and sifting cross-examination was curtailed when the trial court would not allow an inquiry into possible prejudice or bias on the part of the officer as to whether the arresting officer liked or wanted to be assigned to the Clayton County DUI task force. The evidence had already established that while this officer had at one time been assigned to the task force, at the time of the arrest in question, the officer was not a part of that task force. Thus it is manifest that because the DUI task force was not involved in the arrest of the appellant, the arresting officer's desires in relation to assignment to that duty facially were immaterial. The right of cross-examination is not abridged where cross-examination of a witness to irrelevant or immaterial matters is not permitted. The trial court has a discretion to

control the right of cross-examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. *Clifton v. State*, 187 Ga. 502, 508 (2 SE2d 102). We find no abuse in the circumstances of this case.

3. In his last enumeration of error, Bryant complains the trial court improperly denied his motion for a directed verdict of acquittal. The basis of the motion was that in between the time Bryant had surrendered his license in 1983 and the time of his arrest in 1984, there had been sufficient time for him to obtain another. The State did not show the continuing condition of ineligibility for a license; thus Bryant contends an essential element of driving while license is revoked was absent from the State's proof.

We must reject this argument. Testimony that Bryant drove an automobile coupled with evidence that his driver's license had been revoked as an habitual offender is all that is required to allow a jury to find guilt of the offense herein charged beyond a reasonable doubt. *Hester v. State*, supra. While we agree that evidence that Bryant had subsequently obtained a valid driver's license during the interval between the revocation or suspension and the time of the offense charged of driving without a valid license would have established his innocence, we conceive this to be an affirmative defense available to the defendant in such a case and not an element of proof of the statutory offense of violation of the habitual violator statute. The defense is analogous to driving without having one's license in one's personal possession at the time of a stop where a later production of a license by the defendant affords a defense. See *McCook v. State*, 145 Ga. App. 3 (243 SE2d 289). We find no merit in this enumeration.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 10, 1987.

*Karlton V. Banke*, for appellant.
*Robert E. Keller, District Attorney, Deborah Benefield, Assistant District Attorney*, for appellee.