## A95A0422. HARRIS v. THE STATE.
(454 SE2d 146)

BLACKBURN, Judge.

Woodrow Harris appeals his conviction by a jury of driving under the influence of alcohol, hindering a law enforcement officer, no proof of insurance, and improper lane change. On appeal, Harris contends the trial court failed to allow a thorough and sifting cross-examination of the State's witness with regard to any bias of the witness against black males.

Harris testified that the arresting officer, Officer Shumake, of the University of Georgia Police Department, kicked him while he was on his knees on the ground with handcuffs on his wrists. Subsequent to his arrest, Harris filed a complaint against Officer Shumake for police brutality. Harris' counsel sought to question Officer Shumake regarding an alleged complaint of police brutality made against him by an-

other black male. In Harris' offer of proof, outside the presence of the jury, Harris sought to introduce testimony regarding an attorney's letter sent to the University of Georgia Police Department alleging police brutality by Officer Shumake against a black male and demanding payment in settlement of the claim in lieu of the filing of a complaint. Harris argues that this testimony established Officer Shumake's bias against black males. The trial court refused to allow Harris' counsel to question Officer Shumake regarding the alleged previous incident as irrelevant.

Harris "had the right to a thorough and sifting cross-examination of any witness called against him. OCGA § 24-9-64. . . . However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. [Cits.]" (Punctuation omitted.) *Fletcher v. State*, 197 Ga. App. 112, 113 (397 SE2d 605) (1990). "Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination (about possible witness bias) based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U. S. 673, 679 (106 SC 1431, 89 LE2d 674) (1986). See *Lee v. State*, 258 Ga. 762 (6) (374 SE2d 199) (1988)." (Punctuation omitted.) *White v. State*, 201 Ga. App. 53, 55 (410 SE2d 441) (1991).

It is important to note that the trial court did not restrict Harris' counsel from questioning Officer Shumake regarding any bias he had toward black males, but merely restricted Harris' counsel from questioning Officer Shumake regarding an alleged prior brutality incident, in which no formal complaint had apparently been filed. Under the facts of this case, we find no abuse of the trial court's discretion.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 27, 1995 —
RECONSIDERATION DENIED FEBRUARY 14, 1995 — ■

*Joel N. Shiver*, for appellant.
Woodrow Harris, *pro se.*
*Kenneth W. Mauldin, Solicitor, Ralph W. Powell, Jr., Ethelyn N. Simpson, Assistant Solicitors*, for appellee.