### A98A2457. THE STATE v. FORTHE.
(514 SE2d 890)

BLACKBURN, Judge.

Pursuant to OCGA § 5-7-1, the State appeals the trial court's order granting the defendant's demurrer to the underlying indictment alleging eight counts of theft by taking. In seven counts, the indictment alleged that the defendant took money having a value of less than $500, misdemeanors, and, in one count, the indictment alleged that the defendant took money having a value of more than $500, a felony. The defendant's demurrer was based on the State's failure to allege the specific amount of money taken with regard to each count. The trial court relied on this Court's decision in Division 2 of *State v. Stamey*, 211 Ga. App. 837, 839 (2) (440 SE2d 725) (1994), to grant the defendant's demurrer on the grounds that the State failed to allege in the indictment the specific amount taken with regard to each count.

On appeal, the State correctly argues that a long line of cases hold that an allegation of the specific amount of money taken is not required because property value is not an element of the crime

charged, but applies only to sentencing. See *Jackson v. State*, 267 Ga. 130, 131 (3) (475 SE2d 637) (1996); *Wilson v. Reed*, 246 Ga. 743, 745 (2) (272 SE2d 699) (1980); *Mack v. Ricketts*, 236 Ga. 86, 87 (222 SE2d 337) (1976). See also *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996) ("[v]alue is not an element of theft by taking as proscribed by OCGA § 16-8-2"). The State contends that the opinion in Division 2 of *Stamey* is in direct conflict with this established case law.

In *Stamey*, an indictment was returned against the defendants charging them with theft by taking based on allegations that

> "between January 2, 1991, and January 10, 1992" they "did unlawfully being in lawful possession of property, to-wit: lawful U. S. Currency, the property of [another], appropriate said property, with the intention of depriving said owner of said property, *the value of said property exceeding $500.*"

(Emphasis supplied.) Id. at 837. On defendants' motion, the trial court quashed the State's indictment on grounds that it failed to specifically identify the form of currency taken, the amount taken (Division 2), when it was taken, and whether the alleged offense arose out of a series of thefts or a single occurrence. This Court affirmed on two separate and independent grounds. In the first division, we determined that the indictment was defective for failing to identify the date or dates which the alleged offense occurred. Id. at 838 (1). In the second division, we held that the trial "court did not err in finding the indictment defective for failing to more specifically *identify the amount taken.*" (Emphasis supplied.) Id. at 839 (2). This Court held that "it was necessary for the indictment to allege whether the value of the currency taken was over $500 in order to apprise defendants of whether the offense charged is a misdemeanor or felony." Id. The indictment specifically alleged that the amount taken was in excess of $500 thereby apprising the defendant that he was charged with a felony rather than a misdemeanor. Id.

We further cited dicta in *Frisbie v. United States*, 157 U. S. 160 (15 SC 586, 39 LE 657) (1895), for the proposition that "it is not necessary for the indictment to allege the specific amount taken if such amount is unknown to the grand jury and that fact is alleged in the indictment." *Stamey*, supra at 839 (2).

The *Frisbie* case concerned a federal act that made it a misdemeanor to charge a person more than $10 to apply for a pension under the federal program. The act was designed to stop gouging. In *Frisbie*, the defendant was indicted under the act for charging a widow "in excess of $10" for applying for a pension after the death of her Civil War veteran husband. The defendant contended that the indictment was defective because it did not state the specific amount

"in excess of $10" which was charged. The Court held that it did not matter. At no time did *Frisbie* hold that it was necessary for an indictment to allege *either* (1) the specific amount taken *or* (2) that the specific amount taken is unknown to the grand jury. What the Court said was "if the amount of the excess was unknown it was proper to allege that fact in the indictment, and, in the absence of any testimony to the contrary, it will be presumed that the amount of the excess was, in fact, unknown to the grand jury." *Frisbie*, supra at 167.

The real holding of *Frisbie* as to this issue is,

[t]he question of the guilt of the defendant does not depend on the amount of the excess. The rule de minimis non curat lex[1] has no such application in criminal cases. The stealing of one cent is larceny as truly as the stealing of a thousand dollars. The amount may vary the degree, but it does not change the character of the crime.

Id.

Thus, contrary to *Stamey*, the *Frisbie* case supports the long line of Georgia cases which hold that, with regard to theft by taking, the *specific* amount does not have to be alleged in an indictment because, other than "in excess of $500," the *specific* amount does not matter as an essential element of the crime.

As the indictment in *Stamey* alleged theft of property in "excess of $500," it was sufficient to apprise the defendant that he was facing a felony theft offense and meets the very test outlined therein. Id. at 839. Therefore, Division 2 of *Stamey* is hereby overruled.

An indictment for theft by taking that alleges the amount taken as "in excess of $500" or "under $500" so as to apprise a defendant that he is facing either a felony or a misdemeanor charge is not subject to demurrer, either (a) general or (b) special.

(a) An indictment which fails to allege the specific amount taken is not subject to a general demurrer, because such amount is not an essential element of the offense. Thus, even though the amount taken is not alleged, a defendant cannot admit the facts alleged in the indictment and still be innocent of the offense.[2]

(b)

The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended

---

[1] "The law does not care for, or take notice of, very small or trifling matters."

[2] See, e.g., *Johnson v. State*, 233 Ga. App. 450, 451 (504 SE2d 290) (1998); *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the *record* shows with accuracy to what extent he may plead a former acquittal or conviction.

(Punctuation omitted; emphasis supplied.) *Jordan v. State*, 220 Ga. App. 627, 629 (470 SE2d 242) (1996). "It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977).

Consider: If, because of double jeopardy and/or defense preparation concerns, a theft by taking indictment is subject to a special demurrer for failure to allege the specific amount taken, then adding the phrase "to the grand jury unknown" would not cure the alleged defect. That is what is so antithetic about the dissent's position that a theft by taking indictment must allege either one or the other in order to survive a special demurrer. See *Stamey*, supra at 839. Fortunately, that is not the law. Instead, it is not necessary for a theft by taking indictment to allege the specific amount taken. And if the phrase "to the grand jury unknown" is left out of the indictment, it will be "presumed that the amount . . . was, in fact, unknown to the grand jury." *Frisbie*, supra at 167.

Here, each individual count of the indictment alleges that Forthe — on a date specific — took from Valdosta Monument Company an amount of U. S. currency either "having a value more than" or "having a value less than" $500. The indictment sufficiently apprises Forthe of the charges against him so as to allow him to prepare a defense and, along with the record built thereon, satisfies double jeopardy concerns. The dissent's contention regarding "trial by ambush," — notably unsupported by record or defense argument — is better addressed to discovery matters, not the legal sufficiency of the instant theft by taking indictment.

Based on the foregoing, the trial court's granting of defendant's demurrer based on Division 2 of *Stamey* must be reversed.

*Judgment reversed. Johnson, C. J., McMurray, P. J., Pope, P. J., Andrews, Smith, Eldridge and Barnes, JJ., concur. Beasley, P. J., and Ruffin, J., dissent.*

BEASLEY, Presiding Judge, dissenting.

Defendant filed a demurrer to the indictment, on the ground that as to each count, it "fail[ed] to state the amount of currency that the State alleges was taken" and that "[c]urrency is capable of precise counting."

"A demurrer is a document which is used in order to have the trial judge pass on the sufficiency and appropriateness of some plead-

ing." (Footnote omitted.) Ga. Crim. Trial Prac. (1998 ed.), § 14-34. General demurrers are used to challenge an indictment on grounds it fails to set out an essential element of the crime or a specific violation of Georgia law or is brought under an unconstitutional statute. Id. at § 14-35. A special demurrer raises an objection to the form of the indictment. Id. at § 14-36. "A defendant has been said to have a right to be tried on an indictment which is perfect in form and substance." Id. The demurrer in this case is a special demurrer.[3]

The majority incorrectly states that *Jackson v. State*, 267 Ga. 130, 131 (3) (475 SE2d 637) (1996); *Wilson v. Reed*, 246 Ga. 743, 745 (2) (272 SE2d 699) (1980); *Mack v. Ricketts*, 236 Ga. 86, 87 (222 SE2d 337) (1976), and *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996), hold that an allegation of the specific amount of money taken is not required because property value is not an element of the crime charged but applies only to sentencing.

*Jackson* involved the crime of theft by taking an automobile. Noting that the value of the stolen automobile is neither an element of this offense nor relevant to punishment for it, the Court in *Jackson* held that the allegation in the indictment that the value of the automobile exceeded $100 was mere surplusage and need not have been proven.

In *Wilson*, the defendant pled guilty to an indictment charging theft by taking property without any indication of its value. No evidence of value was admitted at the plea hearing, and the defendant made no admission that the stolen property had a value of more than $200 (the amount then required to authorize punishment of the crime as a felony). As a result, the habeas court vacated defendant's felony sentence. In *Hight* no value was stated but the indictment charged only a misdemeanor, so the victim's testimony that the stolen property had some value was sufficient to support the conviction.

In *Mack*, the indictment charged the defendant with taking $72 in money and assorted clothing, of the value of $72. A felony conviction was entered because the evidence showed that the value of the stolen property exceeded $100, the felony threshold at that time. The Court rejected defendant's argument that he could not be indicted for a misdemeanor and convicted of a felony, holding that theft by taking is only one crime with the value of the property taken controlling

---

[3] Through statutory reciprocal discovery procedures, a defendant can presumably obtain information concerning specific amounts of money alleged to have been stolen by obtaining a list of witnesses and interviewing them, OCGA § 17-16-3, and by inspecting and copying papers and documents within the possession of the prosecution and intended to be used at trial. OCGA § 17-16-4 (a) (3). But the prosecuting attorney is only required to permit such inspection and copying, and provide information concerning how to contact prosecution witnesses, no later than ten days prior to trial. OCGA §§ 17-16-4 (a) (3); 17-16-8 (a). Moreover, these discovery provisions, being reciprocal, require the defendant to give up the right to keep his information secret. They are not a substitute for a special demurrer.

punishment.

Consequently, although these cases do hold that property value is not an element of the crime of theft by taking but rather determines whether the crime is to be punished as a felony or misdemeanor, they do not address the question of whether the amount taken must be specified when the defendant is charged with theft of money and demands to know the amount. None of the defendants in those cases filed special demurrers prior to trial, requiring the State to advise them of this fact in the indictment if it was known. They complained only after conviction. All of the cases focused on elements of the crime, and *Wilson* and *Mack* address the sentencing dichotomy.

That the amount of money taken is not an element of the crime does not resolve the question of whether an accused is entitled to be tried on an indictment which alleges the amount if known. "Where a defendant is charged with theft . . ., the property stolen must be described in the indictment in sufficient detail so as to reasonably inform the defendant of the event referred to and put him in a position to prepare to defend the case." Ga. Crim. Trial Prac., supra at § 13-11.

In *Frisbie v. United States*, 157 U. S. 160 (15 SC 586, 39 LE 657) (1895), a federal criminal statute prohibited agents, attorneys, or other persons presenting claims under a federal pension act from charging a sum greater than $10 for their services. The indictment alleged that the defendant charged a sum of money greater than $10, the exact amount being unknown. It appears from the Supreme Court's opinion that the defendant filed a demurrer to the indictment on three grounds. Id. at 162. The demurrer was overruled, and defendant appealed his conviction following the denial of his motion for new trial.

The Supreme Court in *Frisbie* reviewed numerous objections to the indictment which do not appear to have been raised in the demurrer. One was that the indictment did not state the amount of the excess over $10. As to this objection, the Supreme Court stated that "if the amount of the excess was unknown it was proper to allege that fact in the indictment, and, in the absence of any testimony to the contrary, it will be presumed that the amount of the excess was, in fact, unknown to the grand jury. [Cit.]" Id. at 167.

Therefore, as held in *State v. Stamey*, 211 Ga. App. 837, 839 (2) (440 SE2d 725) (1994), the indictment is subject to demurrer unless the amount is unknown to the grand jury and that fact is alleged in the indictment. On the other hand, if the amount is known, it must be stated. Why would the Supreme Court create a presumption that the amount was unknown if it was unnecessary for the grand jury to specify the amount if known?

Unfortunately, although *Stamey* did point out that the misdemeanor versus felony information was covered in the indictment, the

opinion did not explain why this was not enough and why Stamey was entitled to know the specific amount unless it was unknown.

It has long been the practice in Georgia for indictments and accusations for theft of money to specify the amount taken. In *Kyler v. State*, 94 Ga. App. 321, 325 (3) (94 SE2d 429) (1956), the Court observed that at common law, when money was the subject of simple larceny, great specificity was required. *Kyler* catalogues all Georgia cases dealing with the sufficiency of the description of money in accusations and indictments. All but three cases (*Roberts v. State of Ga.*, 83 Ga. 369, 370 (1) (9 SE 675) (1889); *Johnson v. State*, 119 Ga. 257, hn. 2 (45 SE 960) (1903); *McNatt v. State*, 27 Ga. App. 642, 643 (3) (109 SE 514) (1921)) involved compound larceny and thus were excluded from consideration.

In *Roberts*, the indictment was for simple larceny and the goods stolen allegedly consisted of " 'one hundred dollars in greenback bills, of the value of one hundred dollars.' " The Court indicated that the indictment was subject to demurrer by reason of being too general in the matter of description.

When *Johnson* was decided, Georgia's penal code prescribed felony punishment for theft of any "bond, note, bank-bill, due-bill, or paper or papers securing the payment of money or other valuable thing" of a value of $50 or more. *Johnson* held that an indictment charging a person with stealing " 'one hundred and twenty dollars in paper money, to wit, two twenty-dollar bills, five ten-dollar bills, and six five-dollar bills,' " id., is not subject to demurrer on the ground that it does not disclose what kind of money was stolen, this Court having previously held that such a description of money means bank bills.

In *McNatt*, the Court held that a simple larceny indictment alleging that the accused stole $130 in paper money in denominations of five $20 bills and three $10 bills of the personal goods of B. F. Morris and of the value of $130 was not subject to special demurrer on the ground that it did not disclose what kind of money was stolen. The Court cited a case holding that the ordinary meaning of a $5 bill is a bank bill for the payment of $5.

In all these cases the amount was specified, thereby clearly identifying and distinguishing the property allegedly taken. In all these cases the answer to precisely "what was taken" was given. These cases demonstrate two additional factors: (1) a more general description of money is permitted where allegations of the circumstances surrounding the theft serve to individualize the transaction; and (2) the specificity requirement was based in large part on the fact that under the penal code the punishment for larceny of money was determined by the kind of money that was taken and the place from which it was taken (see *Kyler*, 94 Ga. App. at 327).

*Wages v. State*, 165 Ga. App. 587 (302 SE2d 112) (1983), contains

a good discussion of our state law's requirements for specificity in the description of stolen personal property.

> In an indictment for larceny [now theft] the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. Where timely demand is made by special demurrer, the defendant is entitled to have such a definite and particular description of the property as will enable him to know the exact transaction in which the State claims he violated the law. In some way the particular property alleged to have been stolen must be described . . . or the transaction in some way individualized.

(Citations and punctuation omitted.) Id. at 589-590 (4).

Cases such as *Kyler* also recognize a general rule that indictments charging statutory offenses unknown to the common law need only track the language of the statute, but even this rule is subject to an exception which puts both common law and purely statutory offenses on the same footing insofar as concerns special demurrers. As stated in *Kyler*, 94 Ga. App. at 324 (3):

> "Naturally, where the offense is statutory, the language of the accusation must follow more closely the language of the statute, and be restricted by it more, than where the charge relates to a common-law offense, in which the details must necessarily be amplified in order to cover the definition of the common-law offense (which has been codified as such into our law). Reference is made to this difference in *United States v. Simmons*, 96 U. S. 360 (24 L. ed. 819) [(1877)], in which the court said: 'Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 'But to this general rule, there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense.' 'An indictment not so framed is defective, although it may follow the language of the statute.' "

It is not difficult to envision situations in which the amount of money alleged to have been stolen, that is to say, the subject matter of the alleged theft, will be material to the defense. To say it has "a value of more than $500.00" does not give the charged person a single clue as to whether he or she is accused of taking $501 or $5,000 or $5 million; the sky is the limit. On the other end of the spectrum, although the lowest amount is discernible when the charge is "less than $500.00," the nature and strategy for a defense might well depend on whether the amount was $1 or $500. Consequently, the amount should be alleged if known. Of course, the amount cannot be specified if unknown, such as where an undetermined amount of cash is taken. In such cases the law does not absolve the accused of criminal liability simply because of inexactitude in the proof, which is reflected in the indictment and thus puts defendant on notice of the fact.

The multiple counts of the indictment in this case charge Forthe with theft by taking lawful "U. S. currency" having a value of either more or less than $500 on or about eight specified dates between June and December 1997, from a named company. Specification of amounts alleged to have been taken would serve to individualize the transactions. Since it is patent that there was an ongoing relationship between defendant and the alleged business victim, or at least a period of access to its funds, it is likely that there were other transactions in this fungible physical property on the dates specified about which there is no complaint. Defendant has a right, much less a need, to know what is aimed at.

At the trial court hearing, the prosecuting attorney acknowledged that such amounts could be specified in this case. The court asked: "Does the State know the specific amount of the currency stolen?" State counsel responded: "Yes, sir. In some of the cases it was cash and some of the cases it was by check, and we do have the specific amounts in each one."[4] If we sanction the State's failure to specify these amounts in the indictment, we permit "an out-dated, 'trial by ambush' procedural tactic," in the words of *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 271 (2) (476 SE2d 722) (1996).

I am authorized to state that Judge Ruffin joins in this dissent.

DECIDED MARCH 18, 1999.

*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant*

---

[4] That statement itself revealed another flaw in the indictment, for checks are not "U. S. currency."

*District Attorney*, for appellant.
*J. Converse Bright*, for appellee.