A04A1227. WHITE v. THE STATE.
(603 SE2d 686)

MIKELL, Judge.

Joyce White was indicted on five counts of felony theft by taking. A jury found her guilty on all counts, and the trial court sentenced her to a total of fifteen years, including two in confinement. White filed a motion for bond pending appeal, which the trial court denied. She appeals from that order. We affirm.

"Granting or refusing to grant bail in non-capital felony cases after indictment and conviction is a matter within the sound discretion of the trial court; this Court will not control that discretion unless it has been flagrantly abused."[1] When determining whether to allow an appeal bond, the trial court must address four questions:

---

[1] (Citation omitted.) *Williams v. State*, 228 Ga. App. 289, 290 (2) (491 SE2d 500) (1997).

(1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay?[2]

An affirmative answer to any of these questions warrants the denial of an appeal bond.[3] Moreover, because a convicted defendant has lost the presumption of innocence, he or she bears the burden of convincing the judge to grant an appeal bond.[4] "Thus, the trial court should not grant bond pending appeal unless the defendant presents sufficient information, evidence, or argument to convince the trial court that none of the four factors applies."[5]

In this case, after a hearing on the motion for an appeal bond, the trial court found that any appeal would be frivolous and intended only for delay. The court noted that White had filed only a general motion for new trial, which failed to specify any errors committed by the trial court. The only error asserted by White at the hearing was the denial of her demurrer to the indictment, which complained of lack of specificity. Each of the five counts of the indictment alleged that White took checks and currency having a value of more than $500 from her employer, Donald W. Alexander, M.D., P.C. These thefts were alleged to have occurred between August 31, 1995, and December 31, 1995 (Count 1); between January 1, 1996, and December 31, 1996 (Count 2); between January 1, 1997, and December 31, 1997 (Count 3); between January 1, 1998, and December 31, 1998 (Count 4); and between January 1, 1999, and December 31, 1999 (Count 5), with the commission of each crime not having been known until August 2001. White's demurrer was based on the state's failure to allege the specific amount of checks and currency taken, and the dates on which they were taken, with regard to each count. She relied on *State v. Stamey*,[6] in which we held that a similar indictment, charging one count of theft by taking, was defective for failing to identify more specifically the date of the offense and the amount taken. However, as White acknowledges, we overruled *Stamey* in part in *State v. Forthe*,[7] holding that "[a]n indictment for theft by taking

---

[2] (Citation and punctuation omitted.) *Morton v. State*, 166 Ga. App. 170, 171 (303 SE2d 509) (1983).

[3] Id.

[4] *Abernathy v. State*, 245 Ga. App. 857, 858 (539 SE2d 203) (2000).

[5] (Footnote omitted.) Id.

[6] 211 Ga. App. 837 (440 SE2d 725) (1994).

[7] 237 Ga. App. 134 (514 SE2d 890) (1999).

that alleges the amount taken as 'in excess of $500' . . . is not subject to demurrer."[8] We reasoned that "the *specific* amount does not have to be alleged in an indictment because, other than 'in excess of $500,' the *specific* amount does not matter as an essential element of the crime."[9]

*Forthe* did not affect the remainder of the *Stamey* decision, and White claims that the failure of the indictment to allege dates with specificity renders her appeal nonfrivolous. "Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer."[10] However, post-conviction review of the sufficiency of an indictment is limited to determining whether an imperfection therein was harmless; i.e., whether the defendant was "misled to his prejudice."[11]

In the instant case, 16 exhibits have been included in the record on appeal, reflecting checks written on Alexander's account by White, payable to herself and deposited in her bank account, spanning the time period alleged in the indictment. White does not allege that she was unaware of this evidence, having reviewed the state's file during discovery prior to trial. White claims she was surprised by the state's decision to prosecute her on an $11,000 credit card charge she made to Alexander's account. Although defense counsel learned of the charge during discovery, he claimed a sheriff's investigator told him they would not prosecute. The state's attorney told the court that he never made such a representation. In any event, given the harmless error standard of review, it was White's burden to convince the judge that any imperfection in the indictment was harmful beyond a reasonable doubt.[12] While a transcript of the evidentiary hearing on White's demurrer has been included in the record on appeal, White failed to provide a complete trial transcript, which is essential to determining whether the claimed error is harmless.[13] Accordingly, she failed to sustain her burden of showing that her appeal would not

---

[8] Id. at 136.

[9] (Emphasis in original.) Id.

[10] (Footnote omitted.) *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001). Accord *South v. State*, 268 Ga. App. 110 (601 SE2d 378) (2004). See also *Gentry v. State*, 235 Ga. App. 328, 329 (3) (508 SE2d 671) (1998) ("[w]here the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations") (citations and punctuation omitted).

[11] *State v. Eubanks*, 239 Ga. 483, 484 (238 SE2d 38) (1977) ("a defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground"). Accord *Causey v. State*, 192 Ga. App. 294, 296 (2) (384 SE2d 674) (1989).

[12] *Causey*, supra.

[13] See *Abernathy*, supra at 859 (2).

be frivolous and intended for delay only. Under these circumstances, we cannot find that the trial court flagrantly abused its discretion in denying her motion for an appeal bond.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 12, 2004.

*Scott P. Semrau,* for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Bruce D. Hornbuckle, Assistant District Attorneys,* for appellee.