## A06A1115. CONLEY v. THE STATE.

### (637 SE2d 438)

ADAMS, Judge.

William Conley appeals after a jury convicted him on two felony counts of theft by taking. We affirm.

1. Conley contends that he was wrongfully convicted and sentenced to *felony* theft by taking because the indictment failed to specifically allege either that the value of the items stolen exceeded $500 or that the items were motor vehicles. Conley asserts that such allegations were necessary to put him on notice that he was charged with felony violations and to enable the judge to impose felony sentences.

"Due process of law requires that an indictment put the defendant on notice of the crimes with which he is charged and against which he must defend." (Citation and punctuation omitted.) *Stinson v. State*, 279 Ga. 177, 178 (2) (611 SE2d 52) (2005). But "[i]n testing the sufficiency of an indictment, it must be borne in mind that the indictment need not quote literally the exact language of the statute which the defendant allegedly violated." (Citation omitted.) *Bostic v. State*, 173 Ga. App. 494 (1) (326 SE2d 849) (1985). "The purpose of an

indictment is to allow the defendant to prepare his defense intelligently and to protect him from double jeopardy." (Footnote omitted.) *Dowdell v. State*, 278 Ga. App. 142, 145 (2) (628 SE2d 226) (2006).

Count 1 of the indictment against Conley alleged that on or about April 24, 2002, he unlawfully took "the property of another, to-wit: a model BX22-LB3B2 Kubota tractor, series # 50386, the property of Mason Tractor Company, with intent to deprive the owner of said property. . . ." Count 2 of the indictment alleged that on or about May 9, 2003, he unlawfully took "property of another, to-wit: a 2001 Chevrolet Camaro Z28, black in color, VIN 2G1FP22G612109244,[1] the property of June Walker Chevrolet, Blue Ridge, Georgia, with the intent to deprive the owner of the property. . . ."

Under OCGA § 16-8-2, a person is guilty of theft by taking when he or she "unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property. . . ." A violation of this statute is punished as a misdemeanor unless, inter alia, the property taken exceeds $500 in value or the property is a motor vehicle. OCGA § 16-8-12 (a) (1), (5) (A).[2]

Thus, Georgia law does not establish two theft by taking crimes, one a misdemeanor and the other a felony. Rather "[t]here is only one such crime, and upon conviction for it, the punishment only is determined by the value of the property taken." (Citation and punctuation omitted.) *Parnell v. State*, 151 Ga. App. 756, 757 (1) (261 SE2d 481) (1979). A conviction, therefore, cannot be reversed by the failure of an indictment to allege that the property was a motor vehicle or to allege its value. The only question for this Court is whether the felony sentences were authorized by the evidence. Id. But Conley chose not to furnish this Court with a trial transcript showing the evidence in this case, asserting instead that his arguments could be resolved from the documents in the record.

Without a transcript, we are unable to determine whether the evidence supported the trial court's imposition of a felony sentence. The indictments appear to allege the theft of motor vehicles. See *Browning v. State*, 207 Ga. App. 547 (428 SE2d 441) (1993) (tractor is a motor vehicle under theft by taking statute where evidence showed that it was self-propelled and valued at over $500); *Parnell v. State*, 151 Ga. App. at 757 (2) (upholding felony conviction based upon the evidence where indictment alleged only the theft of a "1937 Dodge").

---

[1] Under Georgia law, the VIN is "used by the manufacturer or the Department of [Motor Vehicle Safety] for the purpose of uniquely identifying a motor vehicle or motor vehicle part." OCGA § 16-8-82 (5).

[2] A "motor vehicle" is defined under Georgia law to mean "every vehicle which is self-propelled other than an electric personal assistive mobility device. . . ." OCGA § 40-1-1 (33).

And a presumption exists under Georgia law "that a trial judge, acting as a public official, faithfully and lawfully performs the duties devolving upon him." (Citation and punctuation omitted.) *Kelly v. State,* 238 Ga. App. 691, 693 (1) (520 SE2d 32) (1999). In the absence of a transcript or any evidence to the contrary, we must presume that the trial judge properly considered the evidence at trial in imposing felony sentences on these counts. See *Hudson v. State,* 242 Ga. App. 218, 220 (3) (529 SE2d 218) (2000).

2. Conley next asserts that he was convicted of only one count of theft by taking because the indictment did not allege dates or other facts as essential averments of the offense. In addition, he asserts that the crimes were part of the same transaction, and thus could only be punished as one crime, citing, inter alia, *Hubbard v. State,* 168 Ga. App. 778 (310 SE2d 556) (1983). These arguments have no merit.

"Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts *or* a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." (Citation and punctuation omitted; emphasis in original.) *Simmons v. State,* 271 Ga. App. 330, 332 (2) (609 SE2d 678) (2005).

Additionally, the *Hubbard* opinion sets out the standard for determining whether a defendant charged with multiple crimes may be subject to multiple convictions and punishments:

> [U]nless otherwise provided by statute, a defendant convicted under an indictment charging two or more distinct offenses may be punished for both or all, if each offense requires proof of some fact or element not required to establish the other offense. However, for separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. *If they were committed at the same time and place and parts of a continuous criminal act,* and inspired by the same criminal intent, they are susceptible of only one punishment.

(Citations and punctuation omitted; emphasis in original.) *Hubbard v. State,* 168 Ga. App. at 779 (2).

The indictment in this case charged Conley with committing two thefts, approximately one year apart, involving property from two different owners. Accordingly, he was charged with two distinct offenses, each requiring proof of facts or elements not required to establish the other offense. Thus, the trial court properly sentenced him for two distinct crimes. See *Graham v. State,* 266 Ga. 543, 544 (3) (468 SE2d 363) (1996); *Simmons v. State,* 271 Ga. App. at 332 (2).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 22, 2006 —
RECONSIDERATION DENIED OCTOBER 11, 2006 —

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Joe W. Hendricks, Jr., District Attorney, Darrell E. Wilson, Sara M. Grainger, Assistant District Attorneys*, for appellee.