## A06A2168. HOLLOWAY v. THE STATE.
### (643 SE2d 286)

JOHNSON, Presiding Judge.

A jury found Donald Holloway guilty of sale of cocaine. He appeals from the conviction, contending the trial court improperly limited his right to a thorough and sifting cross-examination by preventing him from examining mistakes the investigating officer made in police reports involving other suspects. We affirm the conviction.

Viewed in a light most favorable to the conviction, the evidence shows that undercover narcotics agents drove to the rear of Holloway's house. When Holloway approached the car, one of the officers told him he wanted to buy $20 worth of crack cocaine. Holloway

---

[17] Id.

reached into his shirt pocket and handed the officer cocaine, and the officer gave Holloway $20. The car was equipped with a videocamera, and the transaction was recorded on videotape. The tape was played for the jury.

Holloway contends the undercover officer had no independent recollection of the events involving the alleged transaction and that his trial testimony was based exclusively on his police report. That report, Holloway urges, was unreliable and contained inaccuracies regarding such matters as which officer the undercover officer handed the cocaine to after the sale, and the arrest date. Holloway says the officer made so many arrests in the operation that he produced inaccurate reports, including in Holloway's case, and the officer likely confused the arrest of Holloway with the arrest of Holloway's brother on similar charges. According to Holloway, the trial court did not permit him to ask any questions about the officer's reports in other cases. Holloway's argument presents no basis for reversal.

On direct examination, the officer gave a detailed description of the drug purchase from Holloway. At the end of the description, the officer was asked to describe what the suspect was wearing at the time of the sale. At that point, he was handed a copy of the police report to refresh his memory. The prosecutor then asked the officer a series of questions establishing that the officer turned over the purchased cocaine to one officer, but that he incorrectly wrote another officer's name on the report. The officer also testified that there was no question in his mind that the person in the videotape who sold him the drugs was Holloway.

On cross-examination, Holloway's attorney asked the officer a series of questions and was able to successfully establish that the officer made more than 30 arrests during this undercover operation, made a mistake on his report regarding who he turned the drugs over to, made other mistakes in his reports over the course of the operation, needed the report to refresh his recollection, did not have an independent memory of every one of the buys, and could not recall details of certain buys without reviewing his reports. The prosecutor objected to the line of questions involving reports in other cases as irrelevant. The trial court overruled the objection in part, stating that the court would give defense counsel "a little bit of latitude" on cross-examination. Defense counsel continued to ask the officer questions about several drug buys involving other suspects, and inaccuracies in his reports. The trial court eventually sustained an objection to defense counsel's line of questions involving a report in another case. Defense counsel then asked the officer questions which established that the officer had bought crack cocaine from Holloway's brother as part of the same operation.

A defendant has the right to a thorough and sifting cross-examination of any witness called against him.[1] However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused.[2] Trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other things, confusion of the issues, or interrogation that is repetitive or only marginally relevant.[3]

At the outset, we note that Holloway's statement that the officer's testimony was based exclusively on the police report is not borne out by the record. Our review of the transcript reveals that the officer testified at length about the transaction before the prosecutor handed him the report to refresh his memory about the seller's physical description. And, his testimony was based in part on the videotaped recording of the transaction. That tape was shown in court.

We further note that the trial court did permit defense counsel to question the officer extensively regarding his recollection of the incident, several other arrests, and inaccuracies in his reports in Holloway's and other suspects' cases. The court eventually restricted counsel from further questioning the officer regarding reports in other cases. Thus, Holloway was able to raise before the jury the issue of the officer's credibility in reporting Holloway's arrest.

Under the facts of this case, we find no abuse of the trial court's discretion in ruling that the inquiry was impermissible because it was at best only marginally relevant to the charge filed against Holloway.[4]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 1, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Scott L. Ballard, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[1] See *Duckworth v. State*, 223 Ga. App. 250, 251 (1) (477 SE2d 336) (1996).

[2] Id. at 253 (1).

[3] See *Harris v. State*, 216 Ga. App. 297, 298 (454 SE2d 146) (1995).

[4] See id.; *Bryant v. State*, 182 Ga. App. 609, 610-611 (2) (356 SE2d 698) (1987).