A08A1513. PARKS v. THE STATE.
(669 SE2d 684)

BARNES, Chief Judge.

Jack Lamar Parks was accused on September 4, 2007, of theft by deception for obtaining money belonging to the victim by "depositing a stolen check in [her] bank account and then withdrawing United States currency." The alleged date of the theft was between August 19, 2004, and August 22, 2004. A DeKalb County jury returned a guilty verdict and Parks was sentenced as a recidivist to ten years in custody. Parks appeals his conviction, raising numerous issues regarding the evidence, the accusation, venue, jury charges, and sentencing. For the reasons that follow, we affirm.

The evidence at trial was as follows: Parks met the victim on an online dating service where they began a relationship. A couple of months into the relationship Parks e-mailed the victim to ask if he could deposit into her checking account a $4,200 check made out to

---

him and receive the cash when it cleared, explaining that he could not access his credit union account in North Carolina while he traveled. The victim gave Parks her automated teller machine (ATM) card and personal identification number (PIN) and he deposited the check and withdrew $600 from the victim's account.

When Parks did not return the ATM card or the victim's phone calls, she called the bank and the police to report the ATM card stolen. The police advised the victim to close the account and she did. The following day Parks met with the victim and apologized for not returning her calls. She agreed to wire funds to his sister amounting to "maybe $1,000 or 1,200." The victim then noticed that there had been two withdrawals from her account since Parks deposited the check and realized the $4,200 check had been dishonored. Also, she learned the check was made out to her rather than to Parks and someone had signed her name on the back. The bank sought repayment from the victim because she voluntarily gave away her ATM card and PIN, and the victim settled that claim against her for $2,000.

The holder of the account on which the check was written reported to the bank that the check was stolen. The victim called the account holder to ask why she stopped payment on the check, learned the check was stolen, and e-mailed the account holder a picture of Parks. The account holder recognized Parks, who had cleaned her carpets earlier that month.

A fraud investigator for the bank identified two still photographs taken from videotapes recorded at the banks, one showing Parks at an ATM in DeKalb County depositing the check and withdrawing $600 from the victim's account, and one showing Parks at an ATM in Fulton County withdrawing $200 from the victim's account.

1. In his first enumeration of error, Parks argues that the trial court erred in denying his motion for a mistrial alleging prosecutorial misconduct, alleging that the State omitted a witness from its witness list and failed to provide him with the witness's statement.

"The standard of review for the trial court's refusal to grant a mistrial is abuse of discretion." (Citation omitted.) *Johnson v. State*, 268 Ga. App. 426, 427 (1) (602 SE2d 177) (2004).

Here, there is no evidence in the record that the witness was not listed on the State's witness list provided to the defense. The State maintains that the witness list provided to Parks contained the name and telephone number of the witness. Parks' attachment of an undated witness list to his brief is not part of the record and will not be considered on appeal. Court of Appeals Rule 24 (g); *Clark v. State*, 287 Ga. App. 176, 177, n. 1 (651 SE2d 106) (2007).

Although Parks also argues that the State withheld a statement from this same witness, there is no evidence in the record that the

witness ever provided the State with a statement. At trial, the State asserted that it did not have a statement from the witness, but had simply interviewed her during its investigation. Even if, as Parks claims, the witness made an oral statement to the State during their investigation, he is not "entitled to a mistrial for the State's violation of OCGA § 17-16-7 for withholding an oral statement by [the witness], where the statement was not recorded or otherwise committed to writing." *Buttram v. State*, 280 Ga. 595, 598 (5) (631 SE2d 642) (2006).

2. Parks next argues the trial court erred in allowing the State to introduce evidence of his bad character regarding the $200 ATM withdrawal and the check theft because he had not received a similar transaction notice under Uniform Superior Court Rules 31.1 and 31.3, and the acts were irrelevant to the crimes for which he was being tried.

> The admission of evidence is discretionary with the trial court, and this court will not interfere with that court's ruling absent abuse. In this case, the trial court did not abuse its discretion in its ruling on this issue because this testimony . . . was an integral part of the res gestae. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense.

(Citations, punctuation and footnotes omitted.) *McLendon v. State*, 258 Ga. App. 133, 134-135 (2) (572 SE2d 763) (2002). Moreover, "[t]he State is entitled to present evidence of the entire res gestae of a crime even though the defendant is not charged with every crime committed during the entire criminal transaction." (Citation omitted.) *Flowers v. State*, 191 Ga. App. 396, 399 (2) (381 SE2d 768) (1989).

Here, Parks' withdrawal from the Fulton County ATM and the check theft were sufficiently connected in time and event to the theft by deception charge that all of the offenses were part of a single transaction, and the trial court did not err in admitting the evidence.

3. Parks next argues the trial court erred in limiting his cross-examination of the victim. During direct examination, the victim testified she met Parks through an online dating service. On cross-examination, Parks asked the victim how many people she had met on the online service, and the trial judge sustained the State's

objection to the relevance. In Georgia,

> [a] defendant has the right to a thorough and sifting cross-examination of any witness called against him. However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. Trial judges retain wide latitude to impose reasonable limits on cross-examination based on concerns about, among other things, confusion of the issues, or interrogation that is repetitive or only marginally relevant.

(Footnotes omitted.) *Holloway v. State*, 283 Ga. App. 823, 825 (643 SE2d 286) (2007).

Here, how many people the victim had met online was not relevant at all to the theft by deception charge for which Parks was being tried. Thus, the trial court did not abuse its discretion in limiting Parks' cross-examination of the victim regarding this matter.

4. In Parks' fourth enumeration of error he argues that the court erred in failing to grant his motion for a directed verdict of acquittal based on the expiration of the statute of limitation. He argues that the accusation did not specify the amount stolen, and therefore only charged him with a misdemeanor subject to a two-year statute of limitation. The accusation was filed approximately three years after the crime, and thus was untimely, he contends.

OCGA § 16-8-12 (a) (1) provides that a person convicted of theft by deception shall be punished for a misdemeanor unless the value of the stolen property exceeded $500. Misdemeanor prosecutions must be commenced within two years after the commission of the crime and felony prosecutions must be commenced within four years. OCGA § 17-3-1.

Because Parks has already been tried and convicted of the alleged offense, "post-conviction review of the sufficiency of an indictment is limited to determining whether an imperfection therein was harmless; i.e., whether the defendant was 'misled to his prejudice.' " (Footnote omitted.) *White v. State*, 269 Ga. App. 113, 115 (603 SE2d 686) (2004).

> An indictment which fails to allege the specific amount taken is not subject to a general demurrer, because such amount is not an essential element of the offense. Thus, even though the amount taken is not alleged, a defendant cannot admit the facts alleged in the indictment and still be

innocent of the offense. The true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged. . . .

(Footnotes omitted.) *State v. Forthe*, 237 Ga. App. 134, 136-137 (514 SE2d 890) (1999). ''The stealing of one cent is larceny as truly as the stealing of a thousand dollars. The amount may vary the degree, but it does not change the character of the crime.'' Id. at 136.

Moreover, our Supreme Court has held that

the proper procedure for litigating a plea in bar based upon the statute of limitations should be analogous to a pretrial *Jackson v. Denno* hearing, wherein if the defendant prevails on the issue of the voluntariness of a statement, the jury never hears the statement; if the State prevails on a pretrial *Jackson v. Denno* hearing the statement is admissible, but the defendant is still entitled to present evidence and argument that it was not voluntary, and the State must prove otherwise. If a defendant prevails on a pretrial plea in bar on the statute of limitations, the charge should be dismissed; if the State prevails on this issue before trial, the defendant may still require the State to prove at trial that the charge is not barred by the statute of limitations.

(Footnotes omitted.) *Jenkins v. State*, 278 Ga. 598, 604-605 (1) (B) (604 SE2d 789) (2004).

Here, Parks did not file a special plea in bar, but instead waited until all the evidence was presented at trial before moving for a directed verdict based on the statute of limitation. The trial court denied the motion, explaining that if Parks

really wondered whether [the crime] was a felony or misdemeanor, you should have filed a special demurrer. If you were concerned about the statute of limitations, you could have filed a special plea in bar and had a pretrial hearing on that. We have . . . heard the evidence[,] and the evidence shows that more than $500 was taken.

The only question for this Court is whether the felony sentence was authorized by the evidence. See *Conley v. State*, 281 Ga. App. 841, 842 (1) (637 SE2d 438) (2006). Because the evidence reflects that Parks took an amount in excess of $500 within four years of the time the prosecution began, the trial court did not err in denying his directed verdict motion.

5. Parks also contends that the trial court erred in failing to grant his directed verdict because there was a fatal variance in the accusation and the proof at trial. This contention is meritless. "A variance between the allegata and probata is not fatal unless it misinforms the accused of the charges against him or leaves him subject to subsequent prosecutions for the same offense." (Citation omitted.) *Holbrook v. State*, 209 Ga. App. 301, 303 (2) (433 SE2d 616) (1993). Here, the evidence fully comported with the offense as alleged in the accusation, and we discern no error.

6. Likewise we find no merit to Parks' contention that the State failed to prove venue. In a prosecution for theft by deception, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. Here, the evidence demonstrated that Parks deposited the stolen check and withdrew money from the victim's account at a Wachovia branch in DeKalb County.

7. Parks contends that the trial court erred in refusing to charge the jury on accomplice testimony. However, "it is not error to refuse a requested charge when there is no evidence to support it." (Footnote omitted.) *Monsalve v. State*, 271 Ga. 523, 526 (3) (519 SE2d 915) (1999). There was absolutely no evidence presented at trial that the victim was involved in the crime. This enumeration is meritless.

8. Our review of the trial court's charge on theft by deception reflects that the court properly stated the applicable provisions of the present law under which Parks was charged. OCGA § 16-8-3 (a), (b) (1).

9. It was also not error for the trial court to refuse to give Parks' requested charges on similar transactions because there were no similar transactions admitted in this case. The trial court admitted the withdrawal of the $200 in Fulton County and evidence of the stolen check as res gestae of the theft by deception. The trial court properly charged the jury that this evidence was admitted "solely to show the circumstances surrounding the offense alleged in the accusation and for no other purpose."

10. Parks' contention that the trial court erred in admitting still photographs taken from the videotapes at the ATMs is also meritless. He maintains that the State did not lay the proper foundation.

> Subject to any other valid objection, photographs, motion pictures, videotapes, and audio recordings produced at a time when the device producing the items was not being operated by an individual person or was not under the personal control or in the presence of an individual operator shall be admissible in evidence when the court determines, based on competent evidence presented to the court, that

such items tend to show reliably the fact or facts for which the items are offered, provided that prior to the admission of such evidence the date and time of such photograph, motion picture, or videotape recording shall be contained on such evidence and such date and time shall be shown to have been made contemporaneously with the events depicted in the photograph, videotape, or motion picture.

OCGA § 24-4-48 (c).

The bank investigator testified that the pictures were taken from the videotapes recorded by the surveillance cameras at the ATMs. He testified about how the cameras were set up, the recording procedure, how often the tapes were changed, that the cameras were working properly, the procedure for printing the still pictures from the videotape, and the accuracy of the date stamp on the tapes. Although the investigator testified that the date-time stamp was inaccurate "by roughly one hour," "[t]hat the date-time stamp does not reflect the actual time when the images were captured goes to the weight to be given the evidence, not its admissibility." *Dawson v. State*, 283 Ga. 315, 318-319 (3) (658 SE2d 755) (2008). The trial court did not err in overruling Parks' objection to the admission of the photographs.

11. The trial court also properly sentenced Parks as a recidivist. Although Parks argues that the "boilerplate" notice was inadequate to properly notify him of the State's intent, "[t]he important requirement was that the defendant be given an unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record." (Punctuation and footnote omitted.) *Young v. State*, 245 Ga. App. 684, 686-687 (3) (538 SE2d 760) (2000).

Here, approximately three weeks before trial, the State served a written notice of its intent to seek recidivist punishment and identified Parks' prior convictions listed in the attached Georgia Crime Information Center (GCIC) as those it intended to introduce in aggravation of punishment under OCGA §§ 17-10-2 and 17-10-7. Convictions listed on an attached GCIC as aggravation evidence in sentencing have sufficed as proper notice. See *Young v. State*, supra. Further, Parks' argument that the recidivist statute required he have three felonies committed in a single foreign state is meritless.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 18, 2008 —

*Benjamin A. Davis, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.