### A09A2218. ROMAN v. THE STATE.
(685 SE2d 775)

MIKELL, Judge.

Curtis Jerome Roman appeals his conviction for felony theft by taking, contending that the indictment was defective in failing to allege any value for the goods stolen. For the reasons that follow, we affirm Roman's conviction and sentence.

Viewing the evidence in the light most favorable to the jury's verdict,[1] the evidence adduced at trial showed that on Sunday, December 9, 2007, Clayton County Police Officer Jeremy Brannon responded to a call reporting a possible theft from Pumpco, a cement pumping company, which was not open for business at that time. As the officer pulled up at Pumpco's building, he observed Roman's car parked in front of an open gate behind the building. Tire tracks led from Roman's vehicle to the back of the building. Roman, who was sweating profusely, was standing near the car. The officer observed two rims and a tire inside Roman's car; these items were identified as the property of Pumpco by a Pumpco employee, who testified that the value of the items was approximately $1,000.

Roman was indicted on one count of theft by taking and one count of loitering. He was found guilty of both counts following a jury trial. On the verdict form, the jury indicated that the value of the items stolen was in excess of $100. Roman was sentenced to ten years on the theft by taking count, with three to serve in confinement and seven on probation, and to twelve months on the loitering count. The trial court denied Roman's amended motion for new trial, and this

---

[15] See *Williams*, supra at 318 (1).
[16] See *Pollard*, supra.
[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

appeal followed.

In several related enumerations of error, Roman challenges the indictment for theft by taking because it failed to specify the value of the property stolen. We find no error.

Count 1 of the indictment charged Roman "with the offense of THEFT BY TAKING for that the said accused . . . on the 9th day of December, 2007, did unlawfully take rims and tires, the property of Pumpco Inc., parts of a motor vehicle, with the intention of depriving said owner of said property." Under OCGA § 16-8-2, "[a] person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property." This offense may be punished as a felony under certain circumstances, such as where the property stolen "was a motor vehicle part or component which exceeded $100.00 in value."[2]

1. Roman argues that the value of the stolen property is an element of the crime of theft by taking; and that because the indictment fails to specify the value of the property, his conviction cannot stand. It is true that "there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment."[3] However, the value of the stolen property is not an essential element of the crime of theft by taking, but is relevant only for purposes of determining the punishment for the offense.[4] Thus, as this Court stated in *State v. Forthe*,[5] "it is not necessary for a theft by taking indictment to allege the specific amount taken,"[6] because "even though the amount taken is not alleged, a defendant cannot admit the facts alleged in the indictment and still be innocent of the offense."[7]

Roman attempts to distinguish *Forthe* on the ground that in that case, the indictment for theft by taking alleged that the money stolen had a value of more than $500 (in one count) and of less than $500 (in the remaining counts).[8] But "[t]he stealing of one cent is larceny as truly as the stealing of a thousand dollars. The amount may vary the degree, but it does not change the character of the crime."[9] Thus, "[a]n indictment which fails to allege the specific amount taken is not subject to a general demurrer, because such amount is not an

---

[2] OCGA § 16-8-12 (a) (5) (A).

[3] (Footnote omitted.) *Shelnutt v. State*, 289 Ga. App. 528, 530 (2) (657 SE2d 611) (2008).

[4] *Hight v. State*, 221 Ga. App. 574, 575 (2) (472 SE2d 113) (1996).

[5] 237 Ga. App. 134 (514 SE2d 890) (1999) (whole court).

[6] Id. at 137.

[7] (Footnote omitted.) Id. at 136 (a). Accord *Parks v. State*, 294 Ga. App. 646, 649-650 (4) (669 SE2d 684) (2008) (indictment for theft by deception not insufficient for failure to specify amount stolen).

[8] *Forthe*, supra at 134.

[9] (Citation omitted.) Id. at 136. Accord *Parks*, supra at 650 (4).

essential element of the offense."[10]

2. Because the indictment did not specify any value for the stolen goods, Roman contends that it alleged only misdemeanor theft by taking; therefore, he contends that his sentence for felony theft by taking is void. Roman essentially argues that felony theft by taking is a distinct crime from misdemeanor theft by taking. But it is well settled that "there are not two theft by taking crimes, one being a misdemeanor and the other being a felony."[11] Rather, "there is only one such crime, and upon conviction for it, the punishment only is determined by the value of the property taken."[12] Roman's conviction for theft by taking cannot be reversed by reason of the failure of the indictment to specify the value of the property stolen.[13]

Roman's reliance on *Shelnutt v. State*[14] is misplaced. In *Shelnutt*, an indictment for arson in the first degree was determined to be fatally defective because it failed to allege that the property damaged fell within the scope of OCGA § 16-7-60, the statute which defines the offense of arson in the first degree;[15] and "[u]nder Georgia's statutory scheme, arson in the first, second, and third degrees are legally distinct crimes with different elements and penalties."[16]

Because the evidence reflects that the value of the stolen automobile parts was more than $100, the trial court was authorized to impose the felony sentence.[17] Accordingly, the trial court did not err in denying Roman's motion for new trial.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 2009 

Theft by taking. Clayton Superior Court. Before Judge Cowen.
*David J. Walker*, for appellant.
*Tracy G. Lawson, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[10] *Forthe*, supra at 136 (a). Accord *Parks*, supra at 649 (4).

[11] *Mack v. Ricketts*, 236 Ga. 86, 87 (222 SE2d 337) (1976). Accord *Conley v. State*, 281 Ga. App. 841, 842 (1) (637 SE2d 438) (2006).

[12] (Citation and punctuation omitted.) *Conley*, supra. Accord *Mack*, supra.

[13] See *Conley*, supra (defendant's conviction for theft by taking was not subject to reversal where indictment failed to allege value of property stolen or that it was a motor vehicle).

[14] Supra.

[15] Id. at 532 (2).

[16] Id. at 532 (2), n. 11.

[17] See *Parks*, supra at 650 (4) (indictment for theft by deception sufficient even though it failed to specify amount stolen; felony sentence authorized by evidence).