## 77626. LANDS v. THE STATE.
(376 SE2d 701)

DEEN, Presiding Judge.

The appellant, David Lands, was convicted of child molestation of the daughter of the woman with whom he was living. On appeal, he attacks the specificity of the indictment, certain evidentiary rulings, and a portion of the jury charge. *Held*:

1. Lands contends that the trial court should have granted his special demurrer to the indictment on the basis that the indictment failed to allege a specific date on which the crime was committed. As noted by Lands, "An indictment or accusation which fails to allege some specific date on which the offense was committed is defective as to form and therefore subject to a timely interposed special demurrer pointing out such defect." *Lyles v. State*, 215 Ga. 229, 231 (109 SE2d 785) (1959). Since the indictment in the instant case charged Lands with committing the offense "on and between the dates of March 15, 1987, through March 31, 1987, the exact date being to the grand jurors unknown," the indictment sufficiently specifies a date. As this

court has previously noted, in forming an indictment, "[t]he state cannot be more specific than the evidence permits." *Keri v. State*, 179 Ga. App. 664, 668 (347 SE2d 236) (1986).

2. A special agent with the GBI and an investigator with the Carroll County Sheriff's Department interviewed Lands after the child victim had passed a polygraph test. In response both to the former's question of what did he think about the victim passing the polygraph, and to the latter's question of whether he thought the child was lying about the allegations of molestation, Lands remarked that she may or may not be lying. At trial, the GBI agent did not refer to her question, but the investigator was allowed to recount her question and Lands's answer. Lands contends that although no reference to any polygraph occurred, the testimony was inadmissible because (1) his remark was obtained in the context of discussing the results of the victim's polygraph, and (2) he was not provided a copy of the statement he made, as required under OCGA § 17-7-210. We find no merit in either contention.

"In Georgia, the law of evidence in criminal trials is that the *results* of polygraph examinations are probative and admissible upon express stipulation, but that all other evidence concerning polygraphs is nonprobative, irrelevant and inadmissible." *Brown v. State*, 175 Ga. App. 246, 249 (333 SE2d 124) (1985). The State was careful to avoid any reference to the polygraph examination of the victim, and the question recounted at trial by the investigator simply was whether the child was lying about the alleged molestation. The testimony in this case did not concern a polygraph.

The State provided Lands with the GBI agent's written report of Lands's remark that the child victim may or may not be lying. For purposes of determining compliance with OCGA § 17-7-210, it does not matter that this summary recounts only the question asked by the GBI agent and not that asked by the sheriff's investigator. "The purpose of the statute is to inform the defendant in writing of all relevant and material portions of his own statements that the State intends to use to his disadvantage. [Cit.]" *Roman v. State*, 185 Ga. App. 32, 34 (363 SE2d 329) (1987). The State did provide Lands with the portions of his statement that it planned to use, and the purpose of the statute was satisfied.

3. At one point while instructing the jury on prior inconsistent statements, the trial court inadvertently said "consistent" rather than "inconsistent." However, immediately thereafter in the same sentence, the trial court correctly referred to inconsistent statements, and in the next paragraph gave the converse jury charge on prior consistent statements. Under these circumstances, we are not persuaded that the jury could have been misled or confused by this slip of the tongue. *Caldwell v. State*, 167 Ga. App. 692 (4) (307 SE2d 511)

(1983).

4. Over defense counsel's objection that the evidence was irrelevant, the child victim was allowed to answer the State's question about the effect the alleged molestation had had on her family. While agreeing that this line of inquiry was irrelevant to the issue of whether molestation had occurred, we are also unpersuaded that this evidence so inflamed the jury emotionally that reversible error resulted.

*Judgment affirmed. Sognier, J., concurs specially. Carley, J., concurs in Divisions 1, 2, 3 and in the judgment.*

SOGNIER, Judge, concurring specially.

I concur specially because while I cannot agree with the statement in Division 4 that testimony by the victim regarding the effect of the molestation on her family did not inflame the jury emotionally, the admission of this testimony did not constitute reversible error in view of earlier testimony by another witness to the same effect which had been admitted without objection. *Lightsey v. State*, 160 Ga. App. 62, 63 (3) (286 SE2d 41) (1981); *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975).

DECIDED NOVEMBER 22, 1988 —
REHEARING DENIED DECEMBER 8, 1988 — 

*Murphy, Murphy & Garner, Stephen E. Garner*, for appellant.
*William G. Hamrick, District Attorney, Monique Kelly, Assistant District Attorney*, for appellee.