## A98A1620. GENTRY v. THE STATE.
(508 SE2d 671)

POPE, Presiding Judge.

Terry Gentry was tried and convicted of eight counts of child molestation. Proceeding pro se, Gentry appeals, raising nine enumerations of error. For the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, Terry Gentry repeatedly molested his niece, who was ten years old at the time of trial, for several years. In 1995, Gentry began molesting the second victim, who was also his niece. Gentry was raising the second victim as his daughter and she lived in the house with him. When the first victim's mother talked to her daughter about the molestation, the first victim confided that Gentry had repeatedly molested her for several years.

The case was reported to the Bartow County Sheriff's Office and the victims were interviewed separately. Videotapes of the interviews of both children were played for the jury during the investigating officer's testimony. Upon the jurors' request during deliberations, the videotapes were replayed.

Both victims testified at trial. The first victim testified that Gentry had repeatedly molested her over several years. The second victim, who was 13 at the time of trial, read the statement she had given to investigators which described Gentry's molestation of her. Nevertheless, before trial the second victim recanted the account in her statement, claiming that the molestation did not happen. A DFCS caseworker testified that after the second victim's recantation, the victim later repeated twice her original account in which she said that she had been molested. At trial, the second victim claimed that her account of molestation was fabricated. Nonetheless, she admitted that she was afraid that if Gentry was convicted she would be taken away from his wife, her aunt, because she was not their biological daughter.

1. Gentry argues that reversible error arose because the state did not provide him with the videotape of the investigator's interview with the first victim as required by OCGA § 17-16-4. Gentry also argues that error exists because the state failed to notify him of the existence of the first victim's statement ten days before trial as required by OCGA § 17-16-7. At trial, defense counsel did not object to the introduction of the videotape or to the mention of the statement and these arguments were waived. "The absence of a timely objection waives defendant's right to raise this issue on appeal." (Citations and punctuation omitted.) *Strawder v. State*, 207 Ga. App. 365 (1) (427 SE2d 792) (1993). See also *Parrish v. State*, 194 Ga. App. 760 (1) (391 SE2d 797) (1989). Gentry's arguments that his counsel was ineffective for not requesting a continuance are addressed in

Division 4.

2. Gentry claims that the court erred by not ruling on his "Notice to Use the Victim's Conduct," in which he sought to introduce evidence regarding her allegations of child molestation against another perpetrator. He also claims the court erred in not holding an in camera hearing on that issue as he requested. These arguments are without merit. Before playing the videotape of the victim in which she discussed the allegations against the other perpetrator, the court heard various evidentiary arguments and the state conceded that the tape of the victim opened the door regarding these other allegations. Later the evidence was introduced without objection. Accordingly, it was unnecessary to have a formal ruling from the court on this issue and Gentry's arguments are without merit.

3. Citing OCGA § 17-7-54, Gentry claims the court erred in denying his motion to dismiss the indictment[1] and his motion for new trial. Gentry claims that the indictment did not sufficiently apprise him of the time or place of the charges against him.

In its first three counts, the indictment alleged that Gentry molested the second victim from January 1, 1995 until June 5, 1995. In five additional counts, the indictment charges that Gentry molested the first victim from January 1, 1991 until June 5, 1995. Clearly, the six-month time frame set forth in the first three counts sufficiently apprises Gentry of the date of the crimes charged. *Murphy v. State*, 195 Ga. App. 878 (1) (395 SE2d 76) (1990).

Similarly, the dates set forth in the indictment regarding the first victim were sufficiently specific. "Where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed at a time substantially different from that alleged in the indictment surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial." (Citations and punctuation omitted.) *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989). See also *Lane v. State*, 223 Ga. App. 740, 743 (6) (479 SE2d 350) (1996); see generally *Eberhardt v. State*, 257 Ga. 420 (2) (359 SE2d 908) (1987).

The evidence in this case showed a pattern of sexual molestation which lasted over a period of years, beginning when the victim was a small child. Although Gentry initially filed notice of his intent to raise the defense of alibi, he failed to pursue this defense at trial. It

---

[1] Though the State argues that a general demurrer, not a motion to dismiss the indictment would be the correct procedure, we address the merits of Gentry's argument.

does not appear that the failure to allege a more specific date for the offense materially affected his ability to present a defense. We find no error in the court's failure to dismiss the indictments. See *Snyder v. State*, 201 Ga. App. 66, 67 (2) (410 SE2d 173) (1991) (when indictments alleged that the criminal acts occurred "on or before December 25, 1989," and young victims testified at trial that acts happened within last four years, denial of defendant's general demurrer was proper because he had notice of State's intention to show a pattern of ongoing occurrence).

In the instant case, we find that "[t]he allegations of the indictment were also sufficient as to place. Unless the character of the place is an essential element of the offense, an indictment which charges the crime to have been committed in a particular county is sufficiently certain as to place." (Citations and punctuation omitted.) *Hutton v. State*, 192 Ga. App. at 241.

The court's denial of Gentry's motion for new trial was also proper. To the extent that Gentry argues that the evidence was insufficient to convict, we disagree and conclude that a rational trier of fact could find from the evidence adduced at trial proof of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The other arguments raised in this enumeration are without merit.

4. Gentry claims that his retained trial counsel was ineffective. First, as in Division 1, Gentry argues that his counsel's failure to move for a continuance when she was first allowed to see the videotape of the first victim's statement on Friday before the trial began on Monday constituted ineffective assistance.

At the motion for new trial hearing, Gentry's trial counsel testified that although she did not watch the videotape until the Friday before trial, she received a transcript of the videotaped statement months before the trial began. She recalled that three months before trial she communicated with Gentry regarding the statement. She testified that based on the transcript of the statement, there were no surprises in the videotape and that it followed right along with the transcript.

At the hearing on his motion for new trial, Gentry's counsel testified that she spent many hours preparing Gentry to testify, but that he chose not to after the State rested. Gentry's counsel said that the decision as to whether to testify was ultimately Gentry's. The record indicates that the court advised Gentry of his right not to testify and that Gentry clearly opted not to testify and signed a form to that effect. In fact, Gentry's counsel testified that although they considered an alibi defense based on Gentry's medical incapacity, they abandoned this defense before trial.

A trial court's finding that a defendant has not been denied effec-

tive assistance of trial counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Here, Gentry must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. at 70 (8). "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); [cits.]." *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. Id. at 233-234 (1).

Gentry's argument that his trial counsel was ineffective in failing to request a continuance because his counsel did not see the videotape until the Friday before the Monday trial is without merit. Though it was conflicting, evidence at the hearing on the motion for new trial showed that Gentry's counsel received a transcript of the videotaped statement at least three months before the trial and simply watched the videotape to make sure that it was consistent with the transcription.

Similarly, Gentry's arguments that his defense counsel was ineffective for failing to demand from the court a ruling on his notice to use the victim's conduct is without merit for the reasons set forth in Division 2. Gentry's remaining arguments regarding his counsel's allegedly ineffective performance are also meritless.

5. Gentry argues that he was denied his Fifth and Sixth Amendment rights of due process and right to be informed of the nature and cause of the accusation. To the extent that these arguments differ from those raised in the divisions above, they lack merit.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED OCTOBER 23, 1998 —
RECONSIDERATION DENIED NOVEMBER 18, 1998

Terry F. Gentry, *pro se.*
T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney, for appellee.