## A01A1278. THE STATE v. GAMBLIN.
(553 SE2d 866)

JOHNSON, Presiding Judge.

Lamar Gamblin was indicted for aggravated sexual battery and two counts of child molestation. Gamblin was arraigned on Monday, December 18, 2000. At the arraignment, Gamblin pled not guilty to the charges, and his attorney asked the court to give him until Friday, December 22, to file motions. The judge asked the prosecutor if he objected to the request, and the prosecutor said that he had no objection. The judge then verbally granted the extension to Gamblin.

On December 22, 2000, Gamblin specially demurred to the aggravated sexual battery count of the indictment and to one of the child molestation counts on the ground that each of those counts fails to set forth a specific date on which he allegedly committed the offenses. Instead of identifying particular dates, both counts charge that Gamblin committed the respective crimes between July 1, 1998, and July 31, 2000. The trial court sustained the special demurrer and struck the challenged aggravated sexual battery and child molestation counts from the indictment, thus leaving one count of child molestation pending against Gamblin.

The state appeals, claiming in its sole enumeration of error that the trial court erred in finding the two-year date range in the two indictment counts to be insufficient. The state's claim is without merit, and we therefore affirm the trial court's order sustaining the special demurrer and striking the two imperfect counts from the indictment.

1. An indictment is subject to a special demurrer if it is not perfect in form or if the accused is entitled to more information.[1] Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer.[2] But we have recognized an exception to the rule that an indictment must allege a specific date where the evidence does not permit the state to identify a single date on which the offense occurred, so the indictment instead may allege that the offense occurred between two particular dates.[3]

In the instant case, the state has failed to show that it cannot determine from the evidence the exact dates of the alleged aggravated sexual battery and child molestation offenses. At the hearing on Gamblin's special demurrer, the prosecutor stated that the alleged

---

[1] *State v. Jones*, 246 Ga. App. 482, 483 (540 SE2d 622) (2000).

[2] *Lyles v. State*, 215 Ga. 229, 231 (1) (109 SE2d 785) (1959); *Lands v. State*, 189 Ga. App. 577 (1) (376 SE2d 701) (1988).

[3] *State v. Stamey*, 211 Ga. App. 837, 838 (1) (440 SE2d 725) (1994), overruled on other grounds, *State v. Forthe*, 237 Ga. App. 134, 136 (514 SE2d 890) (1999).

offenses occurred over a period of two years, but he did not indicate whether, within that period, the exact dates of the offenses were unknown. While the state may in fact be unable to pinpoint the particular dates of the alleged crimes, we cannot speculate about such a matter. Instead, we, like the trial court, are bound by the record before us. And absent some showing by the state that its evidence does not permit it to identify the exact dates of the crimes, we must conclude that the indictment counts in question are imperfect and thus subject to special demurrer. Of course, this holding does not preclude the state from reindicting Gamblin upon the remand of this case to the trial court.

In support of its appeal, the state has cited cases such as *Gentry v. State*[4] and *Hutton v. State*[5] in which we approved of indictments alleging that offenses occurred between two dates rather than on a particular date. The state's reliance on those cases is misplaced because they appeared before us in significantly different procedural postures than the instant case. In both *Gentry* and *Hutton,* the trial courts overruled defense challenges to the indictments, the cases proceeded to trial, the defendants were convicted, and the defendants appealed. Because the trials had already occurred, this court was able to review all the evidence and conclude that the defendants had not in fact been surprised or otherwise prejudiced by the lack of specificity in the indictments.[6]

In the instant case, unlike in *Gentry* and *Hutton,* the trial court sustained Gamblin's special demurrer to the indictment, and before a trial has been held, the state has appealed. Because we are reviewing the Gamblin indictment before any trial, we do not conduct a harmless error analysis to determine if Gamblin has actually been prejudiced by the lack of a specific date in the indictment counts.[7] Instead, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.[8] Under that rule, we hold that the trial court did not err in sustaining Gamblin's special demurrer to the indictment for failing to specifically identify the dates of the alleged aggravated sexual battery and child molestation offenses.[9]

2. The state has attempted to expand its sole enumeration of error by further arguing in its brief that Gamblin's special demurrer was untimely because it was filed after arraignment without a writ-

---

[4] 235 Ga. App. 328 (508 SE2d 671) (1998).

[5] 192 Ga. App. 239 (384 SE2d 446) (1989).

[6] *Gentry*, supra at 329-330 (3); *Hutton*, supra at 241 (4).

[7] *Dennard v. State*, 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000); *Bowen v. State*, 242 Ga. App. 37, 38 (528 SE2d 553) (2000).

[8] *Dennard*, supra.

[9] See *Stamey*, supra.

ten extension from the judge. A party may not use its brief to raise issues not raised in its enumerations of error.[10]

Moreover, under Uniform Superior Court Rule 31.1, all motions must be filed before arraignment unless the time for filing is extended by the judge in writing prior to trial. Here, no trial has been held. So even if the court has not yet issued its written order extending the filing time, it may still do so prior to trial.[11]

Most importantly, we are troubled by the fact that the state would even make this argument in its brief. At the arraignment, the trial court verbally granted Gamblin an extension of time to file motions only after the state prosecutor expressly told the judge that he had no objection to Gamblin's request for an extension. Given the state's express agreement with the extension, its current attempt to renege on that agreement is disingenuous. We find no error by the trial court.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 17, 2001.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Dixon A. Lackey III, Assistant District Attorneys*, for appellant.
*Michael R. McCarthy*, for appellee.

---

[10] *Duffey v. State*, 232 Ga. App. 693 (498 SE2d 816) (1998).
[11] See *State v. Mendoza*, 190 Ga. App. 831, 832 (380 SE2d 357) (1989).