## A04A1072. SOUTH v. THE STATE.
### (601 SE2d 378)

BLACKBURN, Presiding Judge.

In this interlocutory appeal, Darryl A. South appeals the trial court's denial of his timely filed special demurrer to his indictment for aggravated stalking, contending that the indictment was defective because: (1) it failed to state the exact dates on which the alleged incidents of aggravated stalking occurred; (2) it failed to adequately describe the means by which the aggravated stalking happened; and (3) it inappropriately contained the phrase "Paul L. Howard, Jr., District Attorney[,] Special Presentment" on its face. For the reasons set forth below, we reverse.

> Because we are reviewing the [defendant's] indictment [on interlocutory review] before any trial, we do not conduct a harmless error analysis to determine if [he] has actually been prejudiced by the [alleged deficiencies] in the indictment counts. Instead, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.

(Footnote omitted.) *State v. Gamblin.*[1]

As a cautionary note, we must clearly emphasize that this standard of review does not apply in cases where a defendant challenges an indictment *after* he has gone to trial. "If the trial has already occurred before we review the merits of a special demurrer, we will not reverse a conviction in the absence of prejudice to the

---

[1] *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001).

defendant, since that would amount to a mere windfall to defendant and contribute nothing to the administration of justice." (Punctuation omitted.) *Dennard v. State.*[2]

In this case, as South has brought his challenge prior to trial, he is entitled to an indictment perfect in form and substance. *Gamblin*, supra.

The record shows that South's indictment accused him with:

> the offense of aggravated stalking[,] OCGA § 16-5-91[,] for the said accused, in the County of Fulton and State of Georgia, from the 12th day of October, 2002 through the 29th day of October, 2002, did unlawfully contact Thusitha Johnson, without the consent of said Thusitha Johnson, for the purpose of harassing and intimidating said Thusitha Johnson, in violation of a court order, which prohibited such behavior by accused.

1. South contends that his special demurrer should have been granted because his indictment failed to allege the exact dates on which the acts of aggravated stalking occurred. Based on the facts of this case, we must agree.

> Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer. But we have recognized an exception to the rule that an indictment must allege a specific date where the evidence does not permit the state to identify a single date on which the offense occurred, so the indictment instead may allege that the offense occurred between two particular dates.

(Footnote omitted.) *Gamblin*, supra at 283 (1).

The above-stated exception to the rule that an indictment must allege a specific date is not applicable in this case.

> In the instant case, the [S]tate has failed to show that it cannot determine from the evidence the exact dates of the alleged . . . offenses. . . . [W]e, like the trial court, are bound by the record before us. And absent some showing by the [S]tate that its evidence does not permit it to identify the

---

[2] *Dennard v. State*, 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000).

exact dates of the crimes, we must conclude that the indictment counts in question are imperfect and thus subject to special demurrer.

*Gamblin*, supra at 283-284 (1).

In fact, a review of the record indicates that the State could have had access to the actual dates on which the acts of alleged stalking occurred. The State simply chose not to list these dates due to the number of alleged acts. This is not a valid excuse for failing to provide South with the dates of the alleged offenses. "Of course, this holding does not preclude the state from reindicting [South] upon the remand of this case to the trial court." *Gamblin*, supra at 284 (1).

The State's reliance on *Demetrios v. State*[3] does not alter this result. In *Demetrios*, the defendant waited to challenge the indictment after he was tried and found guilty. As such, a wholly different standard of review was applied in *Demetrios*, and that case is simply not applicable here.

2. South further contends that the trial court erred by denying his special demurrer because his indictment failed to specify the exact way in which the acts of aggravated stalking occurred. South's indictment, however, closely tracked the language of the aggravated stalking statute,[4] and adequately informed him that he had inappropriately affirmatively contacted the victim in violation of a prior court order.

3. Finally, South contends that the indictment against him was defective because it contained the phrase "Paul L. Howard, Jr., District Attorney[,] Special Presentment" on its face. In support of this contention, South speculates that this phrase could leave the grand jury with "the inference that special attention or an unexplained imprimatur has been placed on the charges." South contends further that: "A defendant is entitled to a fair trial on an indictment returned by the Grand Jury, and not upon a document that purports to be a personal endorsement by the District Attorney of his individual belief in the truthfulness of the allegations."

This argument lacks merit for several reasons. First, it is based purely on speculation, and rank speculation is not a proper foundation for legal argument. Second, it is the legal duty of the appropriate district attorney to review felony charges, determine their efficacy, and decide whether that district attorney's office, on behalf of the State of Georgia, should prosecute the individual charged with the

---

[3] *Demetrios v. State*, 246 Ga. App. 506 (541 SE2d 83) (2000).
[4] OCGA § 16-5-91.

crime. Third, in light of the fact that it is the undisputed and well-known legal duty of the district attorney to prosecute felonies, a statement to that effect on the indictment, as in this case, does not harm a defendant or prevent him from receiving consideration of his charges before a fair tribunal.

Accordingly, South has failed to specify any harm caused by the inclusion of the challenged language on the indictment which would affect his case before the grand jury.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED JUNE 10, 2004 —
RECONSIDERATION DENIED JUNE 25, 2004.

*John W. Kraus*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

