## A05A0578. BLACKMON v. THE STATE.
### (614 SE2d 118)

JOHNSON, Presiding Judge.

A grand jury indicted Perez Blackmon on two counts of child molestation and two counts of rape. Each count contains the same form of averment as to the date of the offense charged: "between the dates of January 1, 1994 and December 31, 1998, the exact date(s) not being known to the Grand Jury and said date not being alleged to be a material allegation of this Indictment. . . ." Blackmon filed a timely special demurrer seeking to have the indictment and each count contained in the indictment quashed and dismissed on the grounds that the indictment was imperfect because it did not allege the exact dates of the crimes, the state selected an arbitrary time frame to aver in the indictment counts, and the state failed to carry its burden of showing the specific date is unavailable. The trial court denied Blackmon's special demurrer. We granted interlocutory review to determine whether the trial court erred in denying Blackmon's special demurrer. For the reasons set forth below, we reverse.

Under Georgia law, different standards apply to special demurrers filed before trial and those filed after trial. Because we are reviewing Blackmon's indictment before any trial, we do not conduct a harmless error analysis to determine if he has actually been prejudiced by the alleged deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.[1]

Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer.[2] This Court has recognized an exception to this rule where the evidence does not permit the state to identify a single date on which the offense occurred.[3] However, this exception is not applicable in this case because the state never presented any

---

[1] *South v. State,* 268 Ga. App. 110 (601 SE2d 378) (2004).
[2] *State v. Gamblin,* 251 Ga. App. 283 (553 SE2d 866) (2001).
[3] Id.

evidence before the trial court showing that it cannot more specifically identify the dates of the offenses.

We are bound by the record before us. And absent some showing by the state that its evidence does not permit it to identify the exact dates of the crimes, we must conclude that the indictment counts in question are imperfect and thus subject to the special demurrer.[4] "While the state may in fact be unable to pinpoint the particular dates of the alleged crimes, we cannot speculate about such a matter."[5]

The state argues in its brief that the victim was a young child trying to remember dates of repeated abuse and rape. While evidence that the victim is a minor who is incapable of adequately articulating exactly when the offense occurred is a factor the trial court can take into account in determining whether the state carried its burden of showing that it cannot establish a specific date or time frame in which the offense or recurring offenses occurred, no such evidence appears in the record before us, and it appears the trial court did not require the state to make any such showing below. Absent such a showing, we must conclude that the indictment is imperfect and subject to the special demurrer. Of course, this holding does not preclude the state from reindicting Blackmon upon the remand of this case to the trial court.

In support of its appeal, the state has cited a number of cases in which we approved of indictments alleging that offenses occurred between two dates rather than on a particular date. The state's reliance on those cases is misplaced because they appeared before us in significantly different procedural postures than the present case. In the cases cited by the state, the trial courts overruled defense challenges to the indictments, the cases proceeded to trial, the defendants were convicted, and the defendants appealed. In those cases, because the trials had already occurred, this Court reviewed all the evidence and concluded that the defendants had not been surprised or otherwise prejudiced by the lack of specificity in the indictments.

Here, we are not conducting a harmless error analysis to determine if Blackmon has actually been prejudiced by the lack of specific dates in the indictment. Because we are reviewing the indictment on interlocutory appeal, before any trial, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.[6] An indictment alleging a crime against another is not perfect in form if it does not specify the

---

[4] See *South,* supra at 111-112 (1); *Gamblin,* supra at 284.

[5] *Gamblin,* supra.

[6] See *Dennard v. State,* 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000).

date on which the crime was committed, unless, of course, the state has produced evidence showing that it cannot identify the date. Here, the state has produced no such evidence, and the trial court erred in denying Blackmon's special demurrer to the indictment for failing to specifically identify the dates of the alleged child molestation and rape offenses.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 14, 2005.

*Gerald B. Williams*, for appellant.

*Charles M. Ferguson, District Attorney, David H. Moseley, Keith W. Day, Assistant District Attorneys*, for appellee.