**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 14, 2015

# In the Court of Appeals of Georgia

A15A0642. PALATINI v. THE STATE.

BARNES, Presiding Judge.

After allegedly pornographic images were found on a computer belonging to Gerald David Palatini, he was arrested and later charged with one count of sexual exploitation of children. Following the trial court's denial of his special demurrer, we granted Palatini's application for interlocutory appeal.[1] He now appeals and contends that the trial court erred in denying the special demurrer because the indictment alleged that the offense occurred on April 24, 2009, but the uncontroverted date of the offense was December 7, 2007. He also contends that the indictment was unconstitutionally vague. For the reasons that follow, we affirm.

---

[1] The State argues that our dismissal of a prior application for interlocutory appeal from essentially the same order should bar our consideration of this application. We have held, however, that the dismissal of an interlocutory application does not have res judicata effect. See *Interfinancial Midtown, Inc. v. Choate Const. Co.*, 284 Ga. App. 747, 749 n.2 (644 SE2d 281) (2007).

"[D]ifferent standards apply to special demurrers filed before trial and those filed after trial. Because we are reviewing [Palatini's] indictment before any trial, we do not conduct a harmless error analysis to determine if he has actually been prejudiced by the alleged deficiencies in the indictment."*Blackmon v. State*, 272 Ga. App. 854 (614 SE2d 118) (2005). Instead, pre-trial,

> an accusation or indictment is subject to special demurrer if it is not perfect in form as well as substance. By special demurrer an accused claims, not that the charge in an indictment or accusation is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled to more information.

(Footnotes and punctuation omitted.) *State v. Jones*, 251 Ga. App. 192, 193 (553 SE2d 631) (2001).

> When presented with a special demurrer, the court should examine the indictment [or accusation] from the perspective that the accused is innocent, for this is what the law presumes. Nevertheless, the language of an indictment [or accusation] is to be interpreted liberally in favor of the State, while the accused's objections to the indictment [or accusation], as presented in a special demurrer, are strictly construed against the accused.

2

(Citations and punctuation omitted.) *State v. Corhen*, 306 Ga. App. 495, 497-498 (700 SE2d 912) (2010). "We review rulings on special demurrers de novo." *State v. Leatherwood*, 326 Ga. App. 730, 731 (757 SE2d 434) (2014).

The evidence shows that law enforcement seized Palatini's computer in December 2007, Palatini was arrested on April 24, 2009, and he was indicted on March 15, 2010. In the first indictment, Palatini was charged with six counts of sexual exploitation of children, five for possessing specific digital images on his computer "depicting a minor engaged in a lewd exhibition of her genitals or pubic area, sexually explicit conduct, in violation of OCGA § 16-12-100 (b)," and the sixth count for possessing "numerous digital images, depicting minor female children, engaged in lewd exhibition of their genital area, in violation of OCGA § 16-12-100 (b) (8)." The dates alleged in the indictment were "between the 1st day of August, 2006, and the 31st day of December, 2007, the exact date of the offense being unknown to the Grand Jury." Palatini moved to quash Count 6, arguing that the language "numerous computer images of material depicting individual minor females engaged in lewd exhibitions" was vague and failed to put him on notice of which images the State alleged were illegal. On March 9, 2011, upon a motion by the State, the trial court entered a consent order of nolle prosequi of the First Indictment.

The State then issued a Second Indictment, which contained a single count mirroring the language of Count 6 in the First Indictment, but stating that the offense had occurred "on or about the 24th day of April, 2009. Palatini filed a special demurrer to the Second Indictment, arguing, among other things, that the indictment was too vague and that the date alleged in the indictment was impossible because the State had seized his computer by then.

On October 29, 2012, the State returned a Third Indictment against Palatini. The six-count Third Indictment was identical to the First Indictment. Palatini filed a special demurrer to the Third Indictment, and the trial court granted the motion on the basis that it was returned outside the statute of limitations and could not be deemed a superceding indictment from the Second Indictment because it broadened the charges from one count to six.

Subsequently, the trial court held a hearing on Palatini's special demurrer to the Second Indictment, which was the only pending indictment. At the hearing, Palatini asserted that the charge in the indictment should be quashed because the GBI had seized his computer in 2007, so he could not have possessed the images on the April 24, 2009 date alleged in the indictment, and thus it was impossible for him to

4

have committed the crime as charged. The trial court rejected Palatini's argument and denied his special demurrer.

Generally, to be perfect in form, an indictment must allege a specific date on which the crime was committed. *Blackmon v. State*, 272 Ga. App. at 854. See also OCGA § 17-7-54. It follows that an indictment that fails to specify the date upon which the crime occurred is subject to special demurrer. *Blackmon*, 272 Ga. App. at 854.[2] Additionally, an indictment is subject to special demurrer for being imperfect in form if it charges that an offense occurred on a day subsequent to the date when the indictment was returned. See *Gunn v. State*, 227 Ga. 786, 787 (2) (183 SE2d 389) (1971); *Spencer v. State*, 123 Ga. 133 (51 SE 294) (1905).

Here, however, the indictment alleges a specific date on which the crime of sexual exploitation of children was committed. Moreover, the day of the crime as alleged in the indictment was not after the date upon which the indictment was

---

[2] Although not at issue in this case, we have also recognized an exception to the rule that the State must identify a single date on which the offense occurred, when the State, in response to a special demurrer, "presents evidence to the trial court showing that it cannot more specifically identify the dates of the offenses." *Howard v. State*, 281 Ga. App. 797, 798 (1) (637 SE2d 448) (2006). "[I]f an indictment [or accusation] alleges that a crime occurred between two particular dates, and if evidence presented to the trial court shows that the State can reasonably narrow the range of dates during which the crime is alleged to have occurred, the indictment [or accusation] is subject to a special demurrer." *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005).

returned. Accordingly, the indictment was not subject to special demurrer for being imperfect in form. Compare *Blackmon*, 272 Ga. App. at 855 (the indictment that failed to allege specific date on which crime committed was not perfect in form); *Langlands v. State*, 280 Ga. 799, 800 (3) (633 SE2d 537) (2006) (noting that defendant may challenge indictment date as impossible by way of special demurrer when offense was alleged to have been committed *after* he was indicted).

While Palatini argues that the date of the crime charged in the indictment was after the date his computer was seized by the police, his argument concerns the underlying evidence in the case rather than the *form* of the indictment. Consequently, his argument does not support the grant of a special demurrer in this case.

Palatini also contends that the indictment was unconstitutionally vague and should have specified which illegal images he possessed rather than simply that he possessed "numerous digital images, depicting minor female children, engaged in lewd exhibition of their genital area." However, the indictment charged the offense in the language of OCGA § 16-12-100 (b) (8), and provided Palatini with the description of the particular act constituting the violation of the statute. OCGA § 17-7-54 provides that "every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense

charged may easily be understood by the jury shall be deemed sufficiently technical and correct."

> The true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy.

*Coalson v. State*, 251 Ga. App. 761, 764 (2) (555 SE2d 128) (2001). "Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." *Kyler v. State*, 94 Ga. App. 321, 324 (3) (94 SE2d 429) (1956). See *Burgeson v. State*, 267 Ga. 102, 103 (1) (475 SE2d 580) (1996) (indictment that tracks the language of the Code and can be "clearly and easily understood" sufficient).

7

Here, the statute forbids the knowing possession "or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8). The indictment charged Palatini with possessing digital images displaying minor females engaged in statutorily proscribed conduct, "the lewd exhibition of their genital area." This language was sufficient to place him on notice of the issues to be decided and to allow him an opportunity to prepare his defense, and further specificity in the indictment was not required.

Accordingly, we cannot say that the trial court erred as a matter of law in overruling Palatini's special demurrer.

*Judgment affirmed. Ray, J., concurs. McMillian, J., concurs in the judgment.*