**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 28, 2015**

# In the Court of Appeals of Georgia

A15A1597. HERRING v. THE STATE.

BARNES, Presiding Judge.

We granted Curtis Herring Jr.'s interlocutory review of the trial court's order overruling his special demurrer. Herring's indictment charged him with eight sexual offenses against his stepdaughter that took place during three different date ranges – January 11, 2013 to October 28, 2013; October 28, 2013 to August 20, 2014; and August 20, 2014 to September 24, 2014, representing the time periods that Herring and the victim resided in the homes in which she alleged the sexual contact had occurred. Specifically, Herring was charged with: (1) incest between January 11, 2013 and October 28, 2013; (2) incest between October 28, 2013 and August 20, 2014; (3) incest between August 20, 2014 and September 24, 2014; (4) child molestation between August 20, 2014 and September 24, 2014; (5) child molestation between January 11, 2013 and October 28, 2013; (6) aggravated child molestation between October 28,

2013 and August 20, 2014; (7) aggravated sodomy between October 28, 2013 and August 28, 2014; and (8) aggravated sodomy between October 28, 2013 and August 20, 2014.

Herring filed a special demurrer to quash the indictment on the ground that the State failed to adequately narrow the three date ranges, even though it had the ability to do so. Following a hearing, the trial court overruled the demurrer, but certified its order for immediate review. Herring now appeals from the grant of his interlocutory application. On appeal, Herring contends that the indictment is imperfect in form because the State alleged a month-long date range in Counts 3 and 4 even though the victim was able to specify that she had sex with Herring on September 24, 2014. Upon our review, and finding the indictment insufficient as to Counts 3 and 4, we reverse the trial court's denial of Herring's demurrer as to those counts.

In reviewing a ruling on a special demurrer, we apply a de novo standard of review, because it is a question of law whether the allegations in the indictment are legally sufficient. Further, because we are reviewing an indictment before any trial, we do not conduct a harmless error analysis to determine if the defendant has actually been prejudiced by the alleged deficiencies in the indictment; rather, we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance.

2

(Citation omitted.) *Blanton v. State*, 324 Ga. App. 610, 614 (2) (751 SE2d 431) (2013).

At the hearing on Herring's special demurrer, the lead investigator who interviewed the victim and who established the date ranges in the indictment, testified that the victim could not remember the exact dates that the sexual contact had occurred. However, she provided him with the three addresses that she had lived when she was molested and that he had then derived the three date ranges in the indictment from the dates on the lease agreements of each address. The victim told him that Herring had sex with her "four or five" times when they lived at the Bark Avenue address which was leased from January 11, 2013 to October 28, 2013, representing Counts 1 and 5. They next leased a residence on El Pino Road from October 28, 2013 to August 20, 2014, Counts 2, 6, 7, and 8, where the victim alleged that sodomy had occurred and she and Herring had sexual intercourse "ten or more times."

Herring and the victim next lived at an address on Highway 111, where the victim was living when she made her outcry.[1] The victim told the investigator that Herring had sex with her on multiple occasions while at that location, and remembered

---

[1] The Department of Family and Children Services removed the victim from the home on October 6, 2014 after her disclosure.

that September 24, 2014, between 5:30 and 6:30 p.m., was the last day that Herring had sex with her. The date range alleged in the indictment was August 20, 2014 to September 24, 2014, representing Counts 3 and 4. The investigator testified that he included the range of dates because it represented the time Herring and the victim lived on Highway 111 until the date the victim recalled as the last day they had sex.[2]

The investigator testified that when the victim said that she could not remember the dates that the sexual conduct had occurred, only where they were living when it occurred, and once he was able to ascertain the dates in the different residences, he did not attempt to further narrow the dates by asking the victim questions such as whether the incidents occurred near Christmas, her birthday, or while she was in or out of school. The investigator further testified that, rather than bring multiple charges for the various acts, he had charged Herring with only one count each for the crimes committed in each of the three residences.

"We conduct a de novo review of a trial court's ruling on a special demurrer in order to determine whether the allegations in the indictment are legally sufficient." (Citation and punctuation omitted.) *State v. Godfrey*, 309 Ga. App. 234, 239 (3) (709

_____

[2] The indictment does not specify any particular location for the alleged crimes, other than "Grady County."

SE2d 572) (2011). We apply different standards when we review rulings on special demurrers pretrial and post-trial. When reviewing a ruling before trial, we consider whether the indictment is perfect in form and substance, but when reviewing it after trial, we consider whether the defendant suffered actual prejudice from alleged deficiencies in the indictment. *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001). Here, we review the indictment pre-trial to consider whether it is perfect in form and substance.

"Generally, an indictment which fails to allege a specific date on which the crime was committed is not perfect in form and is subject to a timely special demurrer." (Citations, punctuation and footnote omitted.) *State v. Layman*, 279 Ga. 340, 340–341 (613 SE2d 639) (2005); see OCGA § 17-7-54 (a) (indictment should state with sufficient certainty the time and place of committing offense). However, if the State can show that the evidence does not permit it to allege a specific date, it may allege that the crime occurred between two specific dates. Id. In response to a special demurrer, the State must present evidence to the trial court showing that it cannot narrow the date of the crime, and absent such a showing, an indictment failing to charge a specific date is imperfect and subject to special demurrer. *Blackmon v. State*,

5

272 Ga. App. 854, 855 (614 SE2d 118) (2005) (trial court erred in denying special demurrer when State introduced no evidence, only argument, that minor victim was "incapable of adequately articulating exactly when the offense occurred"). Here, the State presented evidence that the victim told the investigator that she and Herring last had sexual intercourse on September 24, 2014 at the Highway 111 address and also engaged in sexual conduct multiple times during the month they lived at the Highway 111 address. Herring was charged with one count of incest and one count of child molestation between August 20, 2014 and September 24, 2014. The State contends that the exception to the single-date rule applies in this case because the victim could not identify the exact dates of "multiple prior occasions when [Herring] molested [the] victim" at the Highway 111 address.

However, the victim's allegations that Herring committed multiple acts of molestation and incest on unknown dates during that time period are irrelevant to the issue here. Herring is charged with only one count each of incest and child molestation during this date range. The evidence demonstrates that the State is able to identify a *single* date on which the conduct occurred, September 24, 2014, and was therefore able to narrow the date of those two crimes in the indictment. Thus, those counts of the

6

indictment are subject to a special demurrer. See *State v. Layman*, 279 Ga. at 340-341; *State v. Meeks*, 309 Ga. App. 855, 858 (1) (711 SE2d 403) (2011) (trial court did not err in sustaining special demurrer when State presented no evidence about why an investigating officer failed to ascertain specific dates of offenses allegedly occurring during the two-month period alleged in the indictment.)

Accordingly, because the evidence showed that the State reasonably could narrow the range of dates alleged in Counts 3 and 4 of the indictment to a single date, we reverse the order of the trial court overruling Herrings's special demurrer as to those counts.

Our holding does not preclude the State from reindicting Herring on Counts 3 and 4 upon the return of this case to the trial court. *Wallace v. State*, 253 Ga. App. 220, 223 (3) (558 SE2d 773) (2002) (When a defendant files a special demurrer challenging the form of an imperfect indictment, "the quashing of [the] indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant.") (footnote omitted).

*Judgment reversed. Ray and McMillian, JJ., concur.*

7