**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 19, 2023**

# In the Court of Appeals of Georgia

A23A1106. THE STATE v. JACKSON.

HODGES, Judge.

The State appeals the trial court's grant of defendant Donnie Wayne Jackson's special demurrer. Because the State narrowed the date range alleged in the indictment as much as reasonably possible, and Jackson has been sufficiently apprised of what he must defend against, we reverse.

"We review a trial court's ruling on a special demurrer de novo." *Stapleton v. State*, 362 Ga. App. 740, 746 (2) (869 SE2d 83) (2021). The record here shows that Jackson was indicted on June 13, 2022, for one count of child molestation as follows:

> the said accused between the lst day of October, 2019 and the 30th day of October, 2019, the exact date being unknown to the members of the Grand Jury, in the County of Forsyth, did commit an immoral and indecent act to [M. T.], a child under the age of 16 years, with the intent

to arouse and satisfy the sexual desires of himself, by placing his hand on and about the vagina of said child, contrary to the laws of this State, the good order, peace and dignity thereof.

Jackson filed a special demurrer to quash the indictment, arguing that the indictment failed to allege a specific date or narrow the range of dates on which the crime was committed and, therefore, was not perfect in form.

Georgia Bureau of Investigation Special Agent Jamie Abercrombie was the only witness to testify at the hearing on Jackson's special demurrer. She testified that the minor victim in this case was interviewed three times, identifying several potential time periods when the act of child molestation might have taken place. The victim initially disclosed during a forensic interview that Jackson had rubbed her vagina through her pants while she was at his home in either September or October 2019. Trying to narrow the two-month range, an investigator interviewed the victim again, at which point she stated that she believed the touching occurred sometime in October 2019, before Halloween, when she thought, based on the clothing she was wearing, that it was cold outside. In yet another interview, the victim expanded the scope of the time period, stating that the incident occurred in late October or early December 2019. The victim was never able to identify a specific date or day of the week that the

offense took place. Although the victim recalled that she "typically" went to Jackson's house for tutoring once a week during the school year, on either Wednesdays or Thursdays, she could not articulate specific days on which the molestation took place, and the victim's mother, while confirming that the victim was at Jackson's home once per week in the fall of 2019, could not remember the days the victim was there.

Following the hearing, the trial court sustained Jackson's special demurrer and quashed the indictment. The trial court concluded that the State could have narrowed the alleged molestation dates to a Wednesday or Thursday in October 2019. The trial court further concluded that the victim narrowed the time frame from "some Wednesday or Thursday during the entire month of October 2019" when she subsequently stated that the alleged molestation occurred in "late October, 2019." According to the trial court, "[t]he evidence presented at the hearing overwhelmingly demonstrate[d] that the State could have narrowed the range of dates in October." While the Court acknowledged that the State was unable to allege a specific date in October 2019, it noted that the State could not allege the entire month of October 2019 in light of Abercrombie's testimony about the victim's statements. This appeal followed.

3

In its sole enumeration of error, the State argues that it properly met its burden of showing that the range of dates in the indictment could not be narrowed. We agree.

A defendant who files a timely special demurrer prior to trial is entitled to an indictment "perfect in form and substance." (Citation and punctuation omitted.) *Cole v. State*, 334 Ga. App. 752, 753-754 (780 SE2d 406) (2015). "An indictment is 'perfect in form and substance' if it is stated in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury and the particulars are such as to enable the defendant to prepare for trial." (Citation and punctuation omitted) *Stapleton*, 362 Ga. App. at 746 (2). It is well settled that

> the true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. It is useful to remember that the purpose of the indictment is to allow a defendant to prepare his defense intelligently and to protect him from double jeopardy.

(Citation and punctuation omitted.) Id.

4

More importantly for this appeal, an indictment must "state with sufficient certainty" the date the crime allegedly took place. OCGA § 17-7-54 (a); see also *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005). Generally, this requires that the indictment assert "a specific date on which the crime was committed." (Citation and punctuation omitted.) *Layman*, 279 Ga. at 340. "However, where the State can show that the evidence does not permit it to allege a specific date on which the offense occurred, the State is permitted to allege that the crime occurred between two particular dates." Id. at 341; accord *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001). "In such a situation, though, the range of dates alleged in the indictment should not be unreasonably broad." (Citation and punctuation omitted.) *Blanton v. State*, 324 Ga. App. 610, 614-615 (2) (751 SE2d 431) (2013).

Applying these principles to the present case, the victim's inability to identify the date of the touching authorized the State to allege that the offense occurred within a date range. See *Layman*, 279 Ga. at 341. And while the State must narrow that range to the extent reasonably possible, see id., we agree with the State's assertion that it "picked the narrowest date range offered by" the victim. Indeed, the 30-day range — "between the 1st day of October 2019 and the 30th day of October 2019" — corresponds to information provided by the victim during her second interview, in

5

which she stated that the touching happened in October, before Halloween, when she was wearing clothing for colder weather. After determining that the average temperature in October 2019 was 13 to 14 degrees cooler than in September 2019, the investigator concluded that the October date range was appropriate. Although the victim also provided other possible time periods for the incident, specifically "September or October of 2019" and "late October or early December" 2019, the State is only required to reasonably narrow the range. And given the victim's uncertainty about the timing, the State's decision to choose the month of October 2019, which was the only month identified in each interview and corresponded with the victim's weather and holiday reference, is not unreasonably broad.

We also disagree with the trial court's and Jackson's inferences that the State was required to narrow the date range to include only Wednesdays and Thursdays within the month of October 2019. The victim's statements were unclear as to timing, and although tutoring typically occurred on Wednesdays or Thursdays, the victim's mother could not recall exactly which days the victim visited Jackson's home. Moreover, this Court has not found — and Jackson has not cited — any authority obligating the State to carve out specific dates from the middle of a reasonable date

6

range, particularly where so much uncertainty exists as to when, within that range, the offense allegedly occurred.

Jackson suggests that the State should have conducted further investigation to narrow the range, such as asking more questions of the victim, checking the victim's cell phone, and interviewing other witnesses. The investigator explained, however, that she did not want to "press" and potentially "sway" the victim when the victim's uncertainty about the operative dates continued during the third interview. In addition, nothing in the record indicates that cell phone data or additional interviews would have shed light on the issue. And ultimately, our inquiry is not whether the indictment "could have been made more definite and certain[.]" (Citation and punctuation omitted.) *Cole*, 334 Ga. App. at 753. Rather, we are concerned with whether the indictment "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [he] must be prepared to meet, and, in case any other proceedings are taken against [him] for a similar offense, whether the record shows with accuracy to what extent [he] may plead a former acquittal or conviction." (Citation and punctuation omitted.) Id.

This is not a situation where the date range necessarily exceeds the timing established by the evidence, the victim identified a specific date for the offense, or the

State failed to demonstrate that a specific date could not be alleged. Compare *Layman*, 279 Ga. at 341-342 (finding a special demurrer was properly granted where evidence showed that the crimes occurred before the indictment date range ended); *Herring v. State*, 334 Ga. App. 50, 53 (778 SE2d 57) (2015) (holding the use of a date range improper where the victim identified a single date on which the crime occurred); *Blackmon v. State*, 272 Ga. App. 854, 855 (614 SE2d 118) (2005) ("[A]bsent some showing by the [S]tate that its evidence does not permit it to identify the exact dates of the crimes, we must conclude that the indictment counts in question are imperfect and thus subject to the special demurrer."); *Gamblin*, 251 Ga. App. at 283-284 (1) (affirming a trial court's grant of a special demurrer where the State failed to offer evidence that it could not determine the exact dates of the crimes). On the contrary, the date of the offense is unclear, neither the victim nor her mother could specifically identify a date, and the State selected an overall 30-day range supported by the evidence.

We conclude that the State reasonably narrowed the date range alleged in the present indictment and sufficiently apprised Jackson of the offense charged so as to enable him to prepare for trial. Accordingly, the trial court erred in granting Jackson's special demurrer.

*Judgment reversed. Mercier, C. J., concurs and Miller, P. J., concurs in judgment only.*